FRED W. ALVAREZ, State Bar No. 68115
ALLISON B. MOSER, State Bar No. 223065
EMILIE O. REESLUND, State Bar No. 294204
JONES DAY
Silicon Valley Office
1755 Embarcadero Rd.
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
Email: falvarez@jonesday.com
Email: amoser@jonesday.com
Email: ereeslund@jonesday.com

Additional defense counsel on page 2.

Attorneys for Defendants
COMCAST CORPORATION and
COMCAST OF CONTRA COSTA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PETERS, TAN DUY LE, STEVEN KREMESEC, JR., DAVID O'SHEA, BENJAMIN CABANAYAN, RANDY ARELLANO, BRIAN ALVES, RICHARD CERVANTES, SCOTT RADER, JON RUBY, ALEXANDER VACCEREZZA, AARON ARRINGTON, SEAN PATE, ROQUE CENTENO, CHRISTIAN OLAGUE, BRANDON GUSTERS, GILBERT BACIO, ADRIAN CORONA, JOHN AMATO, JR., ELIAS REYES, JOSEPH WILLIAMS, CHIEU VO, HANS BOGUSCH, MEAGAN MEDINA, CARLOS ESTRADA, STEVE BRIONES, JAMES SARGENT, SAMUEL SWEELEY, KEVIN KIRK, WARREN CASIAS, ANDREW GARSKE, JOSEPH ORTIZ, JOSE GONZALEZ, JR. AND FRANK LIRA <br><br> Plaintiffs, <br><br> v. <br><br> COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive, <br><br> Defendants. | Case No. <br><br> [Superior Court of California, County of Santa Clara, Case No. 114CV272430] <br><br> **NOTICE OF REMOVAL OF ACTION** <br><br> Diversity Jurisdiction <br><br> [28 U.S.C. §§ 1332, 1441, 1446] |

1   TROY A. VALDEZ, State Bar No. 191478
    ERIN M. DOYLE, State Bar No. 233113
2   STEPHEN L. TAEUSCH, State Bar No. 247708
    VALDEZ LAW GROUP LLP
3   1901 Harrison Street, Suite 1450
    Oakland, California 94612
4   Telephone:  (415) 202-5950
    Facsimile:  (415) 202-5951
5   Email: tvaldez@valdezlawgroup.com
    Email: edoyle@valdezlawgroup.com
6   Email: staeusch@valdezlawgroup.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL – UNITED STATES DISTRICT COURT CASE NO. _____
[SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 114CV272430]

1    TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

2    CALIFORNIA AND TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

3              PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

4    Defendants Comcast Corporation and Comcast of Contra Costa, Inc. ("Defendants" or

5    "Comcast")[1] hereby remove this action from the Superior Court of California for the County of

6    Santa Clara to the United States District Court for the Northern District of California. This Court

7    has diversity jurisdiction over this action.  Removal is based on the following grounds:

8    **I.      SUMMARY OF COMPLAINT**

9              1.      On October 27, 2014, Plaintiffs Gregory Peters, Tan Duy Le, Steven Kremesec,

10   Jr., David O'shea, Benjamin Cabanayan, Randy Arellano, Brian Alves, Richard Cervantes,

11   Scott Rader, Jon Ruby, Alexander Vaccerezza, Aaron Arrington, Sean Pate, Roque Centeno,

12   Christian Olague, Brandon Gusters, Gilbert Bacio, Adrian Corona, John Amato, Jr., Joseph

13   Williams, Chieu Vo, Hans Bogusch, Carlos Estrada, Steve Briones, James Sargent, Samuel

14   Sweeley, Kevin Kirk, Warren Casias, Andrew Garske, Joseph Ortiz, Jose Gonzalez, Jr. and

15   Frank Lira ("Plaintiffs") filed their Summons and Complaint in the Superior Court of the State

16   of California for the County of Santa Clara, entitled *Peters, et al. v. Comcast Corporation and*

17   *Comcast of Contra Costa, Inc.* and designated Case No. 114CV272430.  Plaintiffs filed their

18   First Amended Summons and First Amended Complaint on February 3, 2015.  Plaintiffs filed

19   their Second Amended Summons and Second Amended Complaint on May 15, 2015.  True and

20   correct copies of Plaintiffs' Summons and Complaint are attached as Exhibit A.  True and

21   correct copies of Plaintiffs' First Amended Summons and First Amended Complaint are

22   attached as Exhibit B.  True and correct copies of Plaintiffs' Second Amended Summons and

23   Second Amended Complaint are attached as Exhibit C.

24   _____

25       [1] Plaintiffs erroneously named Comcast Corporation and Comcast of Contra Costa, Inc. as
     the defendants.  Plaintiffs are or were employed by Comcast Cable Communications
26   Management, LLC.

27

28

2.     Plaintiffs seek to recover damages, penalties (including waiting time penalties pursuant to California Labor Code Section 203), injunctive relief, restitution, attorney's fees, and interest for Comcast's: (1) purported failure to pay minimum and overtime wages in violation of California Labor Code Section 1194, (2) purported failure to provide meal and rest breaks in violation of California Labor Code Sections 226.7 and 512, (3) purported unfair business practices in violation of California Business & Professions Code Section 17200 *et seq.*, and (4) purported failure to provide accurate itemized wage statements in violation of California Labor Code Section 226.

## II.     THIS REMOVAL IS TIMELY

3.     This removal is timely under 28 U.S.C. § 1446(b) as Defendants have filed and served this Notice of Removal within thirty (30) days after acquiring notice that the State Court Action was removable. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.") (emphasis added).

4.     The Complaint, First Amended Complaint, and Second Amended Complaint did not contain sufficient information to ascertain Plaintiffs' citizenship. Comcast ascertained the parties' complete diversity of citizenship on September 23, 2015, when Plaintiffs formally stipulated that they were not citizens of Washington or Pennsylvania at the time they filed the Complaint. Declaration of Allison B. Moser in Support of Notice of Removal ("Moser Decl.") ¶ 3, Exs. 1, 2. Plaintiffs' formal stipulation demonstrated for the first time that this Court has original jurisdiction under 28 U.S.C. § 1332 and that this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b). This removal is therefore timely pursuant to 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

1    through service or otherwise, of a copy of... other paper from which it may first be ascertained

2    that the case is one which is or has become removable."); *see also Harris v. Bankers Life and*

3    *Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("even if a case were not removable at the outset, if

4    it is rendered removable by virtue of a change in the parties or other circumstance revealed in a

5    newly-filed 'paper,' then the second thirty-day window is in play."); *Carvalho v. Equifax*

6    *Information Services, LLC*, 629 F.3d 876, 887 (9th Cir. 2010) ("a plaintiff's response to

7    deposition questions can constitute 'other paper' within the meaning of section 1446(b)");

8    *Tebon v. Travelers Ins. Co.*, 392 F.Supp.2d 894, 897-98 (S.D. Tex. 2005) (insured's stipulation

9    of the amount in controversy was "other paper" because it provided unequivocally clear and

10   certain information supporting removal); *Rose v. USAA Cas. Ins. Co.*, No. 09-6005, 2010 WL

11   2557484, at *4 (D.N.J. Jun. 23, 2010) ("the signed stipulation of substitution [of defendant] was

12   enough to constitute an 'other paper' within the meaning of § 1446(b) because it made clear that

13   the action was one that had become removable."); *Lillard v. Joint Med. Products*, 1995 WL

14   20609, *3 (N.D. Cal. Jan 13, 1995) (all "formal discovery" meets the definition of "other

15   paper").

16       5.      No previous Notice of Removal has been filed or made with this Court for the

17   relief sought herein.

18   **III.    THIS COURT HAS DIVERSITY JURISDICTION**

19       6.      Pursuant to 28 U.S.C. § 1441(b), any civil action over which the district courts of

20   the United States have original jurisdiction may be removed from state court to federal court.

21       7.      This Court has original jurisdiction under 28 U.S.C. § 1332(a) in that the action

22   involves citizens of different states, no Plaintiff is a citizen of the Washington Pennsylvania,

23   and the amount placed in controversy by at least one Plaintiff's claims exceeds $75,000,

24   exclusive of interest and costs.  Removal under diversity jurisdiction is therefore proper

25   pursuant to 29 U.S.C. §§ 1441 and 1446, and the Court may exercise supplemental jurisdiction

26   under 28 U.S.C. § 1367(a) over the remaining Plaintiffs' claims because they arise out of the

27

28

same case or controversy. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.").

### A.    Complete Diversity of Citizenship Exists Among the Parties.

8.    Complete diversity of citizenship exists between Plaintiffs and Defendants in this matter under 28 U.S.C. § 1332 because (1) Plaintiffs have stipulated that they were not citizens of the Washington or Pennsylvania at the time they filed this action, (2) Comcast Corporation is, and was at the time Plaintiffs filed this action, a citizen of Pennsylvania, (3) Comcast of Contra Costa, Inc. was, until it merged out of existence in December 2012, a citizen of Washington and Pennsylvania, and (4) the citizenship of the "Doe" defendants named in Plaintiffs' Complaint, First Amended Complaint, and Second Amended Complaint must be disregarded for purposes of determining diversity jurisdiction in this matter.

### 1.    Plaintiffs Are Not Citizens of Pennsylvania or Washington.

9.    In analyzing diversity jurisdiction, courts look to an individual's citizenship at the time the lawsuit was filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). An individual is a citizen of the state in which he is domiciled, and domicile is determined by an individual's residence in a state and his intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10.    Plaintiffs have formally stipulated that, at the time they filed the Complaint, they were not citizens of either Washington or Pennsylvania. *See* Moser Decl. ¶ 3, Exs. 1, 2.

### 2.    Comcast Corporation Is a Citizen of Pennsylvania.

11.    "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §

6

1332(c)(1). A corporation's "principal place of business" within the meaning of 28 U.S.C. § 1332(c) is its "nerve center" or "the place where [its] officers direct, control, and coordinate the corporation's activities." *See Hertz v. Friend*, 559 U.S. 77, 92-93 (2010). The Supreme Court has explained that, "in practice, [the principal place of business] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination,… and not simply an office where the corporation holds its board meetings." *Id*. The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id*

12.     Comcast Corporation is now, and was at the time Plaintiffs filed this action, incorporated and existing under and by virtue of the laws of the Commonwealth of Pennsylvania. Declaration of Derek Squire in Support of Notice of Removal ("Squire Decl."), ¶ 3. Comcast Corporation's corporate headquarters are located in Philadelphia, Pennsylvania. *Id*. The Philadelphia, Pennsylvania location serves as the office of Comcast Corporation's Chief Executive Officer and many other executives. *Id*.

13.     Thus, for purposes of diversity jurisdiction in this matter, Comcast Corporation is a citizen of Pennsylvania.

### 3.     Comcast Of Contra Costa, Inc. Is a Citizen Of Pennsylvania and Washington.

14.     Comcast of Contra Costa, Inc., up until it merged out of existence in December 2012, was incorporated and existing under and by virtue of the laws of the State of Washington. *Id*. ¶ 4. Comcast of Contra Costa, Inc.'s corporate headquarters, up until it merged out of existence in December 2012, were located in Philadelphia, Pennsylvania. *Id*. The Philadelphia, Pennsylvania location likewise served as the office of Comcast of Contra Costa, Inc.'s Chief Executive Officer and many other executives. *Id*.

15.     Thus, for purposes of diversity jurisdiction in this matter, Comcast of Contra Costa, Inc. is a citizen of Pennsylvania and Washington

1

2         **4.**        **The Citizenship of the "Doe" Defendants Must Be Disregarded.**

        16.      Plaintiffs' Complaint also names as defendants "Does 1 through 50." *See*

3 Exhibit A, Complaint, ¶ 11.  The citizenship of fictitious "Doe" defendants, however, is

4 disregarded for removal purposes.  28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc.*, 311

5 F.3d 966, 971 (9th Cir. 2002).

6         **B.**        **The Amount Placed in Controversy by at Least One Plaintiff's Claims**
                     **Exceeds $75,000.**

7

8         17.      Removal is proper if, from the allegations of the Complaint and Notice of

9 Removal, it is more likely than not that the amount in controversy exceeds $75,000.  *Sanchez v.*

10 *Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*,

11 171 F.3d 295, 298 (9th Cir. 1999).  In determining whether the jurisdictional minimum is met,

12 courts consider all recoverable damages, including statutory penalties and attorney's fees.  *Hunt*

13 *v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977); *Gibson v. Chrysler*

14 *Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56

15 (9th Cir. 1998).

16         18.      In a multi-plaintiff action, if one plaintiff's claims satisfy the $75,000 threshold,

17 the district court may exercise supplemental jurisdiction over claims by all other plaintiffs

18 provided the claims arise out of the same Article III case or controversy.  *See Exxon Mobil*

19 *Corp.*, 545 U.S. at 549.

20         19.      In determining whether the jurisdictional minimum is met, courts consider all

21 recoverable damages, including statutory penalties and attorney's fees.  *Hunt v. Washington*

22 *State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977); *Gibson v. Chrysler Corp.*, 261 F.3d

23 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

24 / / /

25 / / /

26

27

28

NOTICE OF REMOVAL – UNITED STATES DISTRICT COURT CASE NO. _____
[SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 114CV272430]

20.     Here, although the Second Amended Complaint does not allege a specific dollar amount Plaintiffs seek to recover, and while Comcast denies any and all liability to Plaintiffs, it is clear that the amount placed in controversy by at least one Plaintiff's claims exceeds $75,000, exclusive of interest and costs.[2]

### 1.     Plaintiffs' Third And Fourth Causes of Action Seek Recovery of Premium Pay for Alleged Meal and Rest Break Violations.

21.     Plaintiffs allege that they "never received 'off-duty' breaks because they were required by Defendants to keep their Nextel devices on and answer calls from dispatchers and supervisors throughout the day, including during their lunch breaks." *See* Exhibit C, Second Amended Complaint, ¶ 47.  In response to written interrogatories, Plaintiffs confirmed that it is their contention that Comcast never provided them with a single, legally compliant meal or rest period.  *See* Moser Decl., ¶ 4, Ex. 3 (Responses to Interrogatory Nos. 3, 5).  As a result, Plaintiffs contend that they are entitled to two hours' premium pay, at their regular rate of pay, for each day they provided services to Comcast between May 27, 2004 and the present.  *See* Exhibit C, Second Amended Complaint, ¶¶ 8, 44, 54; Moser Decl, ¶ 4, Ex. 3 (Responses to Interrogatory Nos. 7, 8).

22.     As reflected in the table below, even assuming Plaintiffs only worked 4 days per week, Plaintiffs' Third and Fourth Causes of Action for meal and rest break violations place the following amounts in controversy:

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiffs' Complaint, First Amended Complaint, and Second Amended Complaint.  Comcast's references to specific damage amounts are provided solely for the purpose of establishing that the amount in controversy more likely than not exceeds the jurisdictional minimum.  Comcast maintains that each of Plaintiffs' claims is without merit and that Comcast is not liable to Plaintiffs.  Comcast specifically denies that Plaintiffs have suffered any damage as a result of any act or omission by Comcast.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or actually could recover these damages or attorney's fees based upon the allegations in the Complaint, First Amended Complaint, Second Amended Complaint or otherwise.

NOTICE OF REMOVAL – UNITED STATES DISTRICT COURT CASE NO. _____
[SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 114CV272430]

| | Workdays Between May 27, 2004 and the Present | Hourly Rate of Pay | Amount in Controversy (2 hours' premium pay per workday) |
|---|---|---|---|
| Scott Rader | 1117 | $26.19 | $58,508.46 |
| Richard Cervantes | 1124 | $24.88 | $55,930.24 |
| Jose Gonzalez, Jr. | 1130 | $27.23 | $61,539.80 |
| John Amato, Jr. | 1249 | $25.84 | $64,548.32 |
| Gregory Peters | 1265 | $26.38 | $66,741.40 |
| Brandon Gusters | 807 | $20.54 | $33,151.56 |
| Jon Ruby | 1273 | $27.10 | $68,996.60 |
| Carlos Estrada | 1385 | $26.98 | $74,734.60 |
| Randy Arrellano | 1405 | $28.44 | $79,916.40 |
| Joseph Ortiz | 1229 | $24.18 | $59,434.44 |
| Sean Pate | 1230 | $23.69 | $58,277.40 |
| Alexander Vaccerezza | 933 | $26.28 | $49,038.48 |
| Tan Duy Le | 859 | $24.21 | $41,592.78 |
| Samuel Sweeley | 1594 | $29.55 | $94,205.40 |
| David O'Shea | 2040 | $24.45 | $99,756.00 |
| Adrian Corona | 2053 | $30.69 | $126,013.14 |
| Andrew Garske | 2025 | $33.87 | $137,173.50 |
| Hans Bogusch | 2367 | $45.84 | $217,006.56 |
| Benjamin Cabanayan | 2153 | $28.39 | $122,247.34 |
| Roque Centeno | 2275 | $25.08 | $114,114.00 |
| Kevin Kirk | 2367 | $45.19 | $213,929.46 |
| Steven Kremesec, Jr. | 2367 | $35.16 | $166,447.44 |
| Frank Lira | 2367 | $46.50 | $220,131.00 |
| Chieu Vo | 2367 | $31.14 | $147,416.76 |

10

| | | | |
|---|---|---|---|
| Joseph Williams | 2367 | $28.18 | $133,404.12 |

*See* Declaration of Elizabeth Cherian in Support of Notice of Removal ("Cherian Decl."), ¶¶ 3-27.

### 2.   <u>Plaintiffs' First Cause of Action Seeks Recovery of Allegedly Unpaid Wages.</u>

23.   Plaintiffs also seek to recover wages for the meal periods they recorded taking but now claim to have worked through.  *See* Exhibit C, Second Amended Complaint, ¶¶ 30-34. Assuming Plaintiffs recorded the minimum 30-minute meal period, Plaintiffs' First Cause of Action thus places the following amounts in controversy, even without considering any unpaid overtime at time-and-a-half or double time resulting from the time they allegedly worked without pay:

| | Workdays Between May 27, 2004 and the Present | Hourly Rate of Pay | Amount in Controversy (30 minutes' pay per workday) |
|---|---|---|---|
| Scott Rader | 1117 | $26.19 | $14,627.12 |
| Richard Cervantes | 1124 | $24.88 | $13,982.56 |
| Jose Gonzalez, Jr. | 1130 | $27.23 | $15,384.95 |
| John Amato, Jr. | 1249 | $25.84 | $16,137.08 |
| Gregory Peters | 1265 | $26.38 | $16,685.35 |
| Brandon Gusters | 807 | $20.54 | $8,287.89 |
| Jon Ruby | 1273 | $27.10 | $17,249.15 |
| Carlos Estrada | 1385 | $26.98 | $18,683.65 |
| Randy Arrellano | 1405 | $28.44 | $19,979.10 |
| Joseph Ortiz | 1229 | $24.18 | $14,858.61 |

NOTICE OF REMOVAL – UNITED STATES DISTRICT COURT CASE NO. _____
[SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 114CV272430]

| | | | |
|---|---|---|---|
| Sean Pate | 1230 | $23.69 | $14,569.35 |
| Alexander Vaccerezza | 933 | $26.28 | $12,259.62 |
| Tan Duy Le | 859 | $24.21 | $10,398.20 |
| Samuel Sweeley | 1594 | $29.55 | $23,551.35 |
| David O'Shea | 2040 | $24.45 | $24,939.00 |
| Adrian Corona | 2053 | $30.69 | $31,503.29 |
| Andrew Garske | 2025 | $33.87 | $34,293.38 |
| Hans Bogusch | 2367 | $45.84 | $54,251.64 |
| Benjamin Cabanayan | 2153 | $28.39 | $30,561.84 |
| Roque Centeno | 2275 | $25.08 | $28,528.50 |
| Kevin Kirk | 2367 | $45.19 | $53,482.37 |
| Steven Kremesec, Jr. | 2367 | $35.16 | $41,611.86 |
| Frank Lira | 2367 | $46.50 | $55,032.75 |
| Chieu Vo | 2367 | $31.14 | $36,854.19 |
| Joseph Williams | 2367 | $28.18 | $33,351.03 |

*See* Cherian Decl., ¶¶ 3-27.

### 3.   Plaintiffs' Sixth Cause of Action Seeks Penalties For Comcast's Alleged Failure to Provide Accurate Itemized Wage Statements.

24.     Plaintiffs also allege that Comcast failed to provide them with accurate itemized wage statements, entitling them to statutory penalties in the amount of $50 for the first violation and $100 for each subsequent violation, up to $4,000.  Exhibit C, Second Amended Complaint, ¶¶ 72-74.  A one-year statute of limitations applies to wage statement claims pursuant to Labor Code § 226.  Plaintiffs' Sixth Cause of Action thus places the following amounts in controversy (comprised of $50 for the first and $100 for each of the subsequent violations, up to the statutory cap):

/ / /

12

| | Bi-Weekly Pay Periods Between May 27, 2007 and the Present | Amount in Controversy |
|---|---|---|
| Scott Rader | 61 | $4,000 |
| Richard Cervantes | 62 | $4,000 |
| Jose Gonzalez, Jr. | 63 | $4,000 |
| John Amato, Jr. | 78 | $4,000 |
| Gregory Peters | 80 | $4,000 |
| Brandon Gusters | 81 | $4,000 |
| Jon Ruby | 81 | $4,000 |
| Carlos Estrada | 95 | $4,000 |
| Randy Arrellano | 114 | $4,000 |
| Joseph Ortiz | 118 | $4,000 |
| Sean Pate | 131 | $4,000 |
| Alexander Vaccerezza | 117 | $4,000 |
| Tan Duy Le | 107 | $4,000 |
| Samuel Sweeley | 176 | $4,000 |
| David O'Shea | 177 | $4,000 |
| Adrian Corona | 178 | $4,000 |
| Andrew Garske | 175 | $4,000 |
| Hans Bogusch | 218 | $4,000 |
| Benjamin Cabanayan | 218 | $4,000 |
| Roque Centeno | 218 | $4,000 |
| Kevin Kirk | 218 | $4,000 |
| Steven Kremesec, Jr. | 218 | $4,000 |
| Frank Lira | 218 | $4,000 |

13

| | | |
|---|---|---|
| Chieu Vo | 218 | $4,000 |
| Joseph Williams | 218 | $4,000 |

*See* Cherian Decl., ¶¶ 3-27.

### 4. **Plaintiffs Also Seek To Recover Waiting Time Penalties.**

25.     Those Plaintiffs who are no longer employed by Comcast also allege that they are entitled to waiting time penalties of up to 30 days of their regular pay due to Comcast's alleged failure to properly pay them their final wages upon termination.  Exhibit C, Second Amended Complaint, ¶¶ 34, 49.  Based on these Plaintiffs' final rates of pay, Plaintiffs' waiting time penalty claim places the following amounts in controversy (8 hours x 30 days x final hourly rate):

| | Hourly Rate of Pay at Termination | Amount in Controversy |
|---|---|---|
| Scott Rader | $26.19 | $6,285.60 |
| Richard Cervantes | $24.88 | $5,971.20 |
| Jose Gonzalez, Jr. | $27.23 | $6,535.20 |
| John Amato, Jr. | $25.84 | $6,201.60 |
| Gregory Peters | $26.38 | $6,331.20 |
| Brandon Gusters | $20.54 | $4,929.60 |
| Jon Ruby | $27.10 | $6,504.00 |
| Carlos Estrada | $26.98 | $6,475.20 |
| Randy Arrellano | $28.44 | $6,825.60 |
| Joseph Ortiz | $24.18 | $5,803.20 |
| Sean Pate | $23.69 | $5,685.60 |
| Alexander Vaccerezza | $26.28 | $6,307.20 |

NOTICE OF REMOVAL – UNITED STATES DISTRICT COURT CASE NO. _____
[SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 114CV272430]

| Tan Duy Le | $24.21 | $5,810.40 |
| Samuel Sweeley | $29.55 | $7,092.00 |
| David O'Shea | $24.45 | $5,868.00 |
| Adrian Corona | $30.69 | $7,365.60 |
| Andrew Garske | $33.87 | $8,128.80 |
| Roque Centeno | $25.08 | $6,019.20 |

*See* Cherian Decl., ¶¶ 3-27.

### 5.    **Plaintiffs Also Seek Recovery of Attorney's Fees.**

26.    Courts have held that an award of attorney's fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy.  *See, e.g., Sanchez v. Wal-Mart Stores*, Inc., No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorneys' fees, if authorized by statute or contract, are also part of the calculation.").  In the Second Amended Complaint, Plaintiffs seek attorney's fees in connection with their unpaid wages cause of action, citing Labor Code § 1194.  *See* Exhibit C, Second Amended Complaint, ¶ 35.  California Labor Code § 1194 authorizes attorney's fees to a plaintiff who prevails on a claim for unpaid wages.  Thus, Plaintiffs' request for attorney's fees further increases the amount placed in controversy by their claims.

27.    Plaintiffs do not specify the amount of attorney's fees they seek.  However, their attorneys, Matthew Righetti and John Glugoski, sought attorney's fees at a rate of $750 per hour and $650 per hour, respectively, in connection with wage and hour litigation in 2012.  *See Rutti v. Lojack Corp.*, No. SACV 06-350 DOC JCX, 2012 WL 3151077, at *11 (C.D. Cal. July 31, 2012).  At a blended rate of $700 per hour, and assuming counsel devote just 40 hours to this litigation per plaintiff, Plaintiffs' request for attorney's fees places, conservatively, another $28,000.00 in controversy per plaintiff.

/ / /

/ / /

NOTICE OF REMOVAL – UNITED STATES DISTRICT COURT CASE NO. _____
[SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 114CV272430]

**6.    Plaintiffs Also Seek Punitive Damages.**

28.    Plaintiffs also seek punitive damages in connection with their first and second causes of action. *See* Exhibit C, Second Amended Complaint, ¶ 33; *see also* Prayer for Relief ¶ 2. Courts have held that punitive damages may be considered in determining the amount in controversy if they are recoverable as a matter of state law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). While Comcast disputes that the causes of action Plaintiffs have asserted may give rise to punitive damages, their request for such damages further increases the amount placed in controversy by their claims.

**7.    Summary of Amount Placed in Controversy by Plaintiffs' Claims.**

29.    Accordingly, based on a good faith estimate of the value of Plaintiffs' claims, the value of the claims of at least one Plaintiff exceeds $75,000, exclusive of interest and costs, even without considering Plaintiffs' claim for punitive damages or any unpaid overtime at time-and-a-half or double time resulting from the time Plaintiffs allegedly worked without pay:

| | Meal and Rest Break Claims | Unpaid Wages Claim | Wage Statement Penalty Claim | Waiting Time Penalty Claim | Attorney's Fees | Total |
|---|---|---|---|---|---|---|
| Scott Rader | $58,508.46 | $14,627.12 | $4,000 | $6,285.60 | $28,000 | $111,421.18 |
| Richard Cervantes | $55,930.24 | $13,982.56 | $4,000 | $5,971.20 | $28,000 | $107,884.00 |
| Jose Gonzalez, Jr. | $61,539.80 | $15,384.95 | $4,000 | $6,535.20 | $28,000 | $115,459.95 |
| John Amato, Jr. | $64,548.32 | $16,137.08 | $4,000 | $6,201.60 | $28,000 | $118,887.00 |
| Gregory Peters | $66,741.40 | $16,685.35 | $4,000 | $6,331.20 | $28,000 | $121,757.95 |
| Brandon Gusters | $33,151.56 | $8,287.89 | $4,000 | $4,929.60 | $28,000 | $78,369.05 |
| Jon Ruby | $68,996.60 | $17,249.15 | $4,000 | $6,504.00 | $28,000 | $124,749.75 |
| Carlos Estrada | $74,734.60 | $18,683.65 | $4,000 | $6,475.20 | $28,000 | $131,893.45 |
| Randy Arrellano | $79,916.40 | $19,979.10 | $4,000 | $6,825.60 | $28,000 | $138,721.10 |

NOTICE OF REMOVAL – UNITED STATES DISTRICT COURT CASE NO. _____
[SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 114CV272430]

| | | | | | | |
|---|---|---|---|---|---|---|
| Joseph Ortiz | $59,434.44 | $14,858.61 | $4,000 | $5,803.20 | $28,000 | $112,096.25 |
| Sean Pate | $58,277.40 | $14,569.35 | $4,000 | $5,685.60 | $28,000 | $110,532.35 |
| Alexander Vaccerezza | $49,038.48 | $12,259.62 | $4,000 | $6,307.20 | $28,000 | $99,605.30 |
| Tan Duy Le | $41,592.78 | $10,398.20 | $4,000 | $5,810.40 | $28,000 | $89,801.38 |
| Samuel Sweeley | $94,205.40 | $23,551.35 | $4,000 | $7,092.00 | $28,000 | $156,848.75 |
| David O'Shea | $99,756.00 | $24,939.00 | $4,000 | $5,868.00 | $28,000 | $162,563.00 |
| Adrian Corona | $126,013.14 | $31,503.29 | $4,000 | $7,365.60 | $28,000 | $196,882.03 |
| Andrew Garske | $137,173.50 | $34,293.38 | $4,000 | $8,128.80 | $28,000 | $211,595.68 |
| Hans Bogusch | $217,006.56 | $54,251.64 | $4,000 | | $28,000 | $303,258.20 |
| Benjamin Cabanayan | $122,247.34 | $30,561.84 | $4,000 | | $28,000 | $184,809.18 |
| Roque Centeno | $114,114.00 | $28,528.50 | $4,000 | $6,019.20 | $28,000 | $180,661.70 |
| Kevin Kirk | $213,929.46 | $53,482.37 | $4,000 | | $28,000 | $299,411.83 |
| Steven Kremesec, Jr. | $166,447.44 | $41,611.86 | $4,000 | | $28,000 | $240,059.30 |
| Frank Lira | $220,131.00 | $55,032.75 | $4,000 | | $28,000 | $307,163.75 |
| Chieu Vo | $147,416.76 | $36,854.19 | $4,000 | | $28,000 | $216,270.95 |
| Joseph Williams | $133,404.12 | $33,351.03 | $4,000 | | $28,000 | $198,755.15 |

30.    Accordingly, based on a conservative good faith estimate, the value of at least one Plaintiff's claims well exceeds $75,000, exclusive of interest and costs.

## IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

31.    As set forth above, Comcast has filed and served this Notice of Removal within thirty (30) days after acquiring notice that the State Court Action was removable.

32.    This action was originally filed in the California Superior Court for the County of Santa Clara.  Venue is therefore proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), because this District encompasses the county in which this action has been pending since its inception.

NOTICE OF REMOVAL – UNITED STATES DISTRICT COURT CASE NO. _____
[SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 114CV272430]

33.     Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

34.     True and correct copies of Plaintiffs' Summons and Complaint are attached as Exhibit A.  True and correct copies of Plaintiffs' First Amended Summons and First Amended Complaint are attached as Exhibit B.  True and correct copies of Plaintiffs' Second Amended Summons and Second Amended Complaint are attached as Exhibit C.  A true and correct copy of Comcast's Motion to Strike Portions of the Complaint is attached as Exhibit D.  A true and correct copy of Plaintiffs' Opposition to Motion to Strike Portions of the Complaint is attached as Exhibit E.  A true and correct copy of Comcast's Reply in Support of its Motion to Strike Portions of the Complaint is attached as Exhibit F.  True and correct copies of the Court's Order and Comcast's Notice of Entry of Order regarding Comcast's Motion to Strike Portions of the Complaint are attached as Exhibit G.  A true and correct copy of Comcast's Motion to Strike Portions of the First Amended Complaint is attached as Exhibit H.  A true and correct copy of the Court's Order granting Comcast's Motion to Strike Portions of the First Amended Complaint is attached as Exhibit I.  A true and correct copy of Plaintiffs' Opposition to Motion to Strike Portions of the First Amended Complaint is attached as Exhibit J.  A true and correct copy of Comcast's Reply in Support of its Motion to Strike Portions of the First Amended Complaint is attached as Exhibit K.  A true and correct copy of Comcast's Motion to Strike Portions of the Second Amended Complaint is attached as Exhibit L.  A true and correct copy of Plaintiffs' Opposition to Motion to Strike Portions of the Second Amended Complaint is attached as Exhibit M.  A true and correct copy of Comcast's Reply is Support of its Motion to Strike Portions of the Second Amended Complaint is attached as Exhibit N.  A true and correct copy of Comcast's Motion for Sanctions is attached as Exhibit O.  A true and correct copy of Plaintiffs' Opposition to Defendant's Motion for Sanctions is attached as Exhibit P.  A true and correct copy of Comcast's Reply in Support of its Motion for Sanction is attached as Exhibit Q.

1   True and correct copies of Comcast's Case Management Statements are attached as <u>Exhibit R</u>.

2   True and correct copies of Plaintiffs Case Management Statements are attached as <u>Exhibit S</u>.  A

3   true and correct copy of Comcast's Notice of Deposit of Jury Fees is attached as <u>Exhibit T</u>.  A

4   true and correct copy of the Court's Order to Show Cause regarding Dismissal is attached as

5   <u>Exhibit U</u>.  A true and correct copy of the Plaintiffs' Response to the Court's Order to Show

6   Cause regarding Dismissal is attached as <u>Exhibit V</u>.  True and correct copies of the Court's

7   Notice of Further Case Management Notices are attached as <u>Exhibit W</u>.  A true and correct copy

8   of the Plaintiff Meagan Medina's Request for Dismissal is attached as <u>Exhibit X</u>.  A true and

9   correct copy of the Plaintiff Elias Reyes' Request for Dismissal is attached as <u>Exhibit Y</u>.  These

10  documents, attached as <u>Exhibits A</u> through <u>Y</u>, constitute all of the process, pleadings, and orders

11  served on or filed by Comcast in this action.

12       35.     The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

13       36.     Because this Court has original jurisdiction over at least one Plaintiff's claims

14  under the provisions of 28 U.S.C. § 1332, removal of this action is proper pursuant to 28 U.S.C.

15  §§ 1441 and 1446.

16       37.     If any questions arise as to the propriety of the removal of this action, Comcast

17  respectfully requests the opportunity to present a brief and oral argument in support of its

18  position that this case is removable.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27

28

NOTICE OF REMOVAL – UNITED STATES DISTRICT COURT CASE NO. _____
[SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 114CV272430]

1   38. Based on the foregoing, Comcast respectfully requests that this action be

2 removed from the Superior Court of California in and for the County of Santa Clara to the

3 United States District Court for the Northern District of California, and that all further

4 proceedings in this matter take place in the United States District Court for the Northern District

5 of California.

6 DATED: October 22, 2015      JONES DAY

7

8                By: /s/ Allison B. Moser

                    Fred W. Alvarez

9                   Allison B. Moser

                    Emilie O. Reeslund

10

11                   Attorneys for Defendant

                    COMCAST CORPORATION and

12                   COMCAST OF CONTRA COSTA, INC

.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL – UNITED STATES DISTRICT COURT CASE NO. _____
[SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, CASE NO. 114CV272430]