1  FRED W. ALVAREZ, State Bar No. 68115
   ALLISON B. MOSER, State Bar No. 223065
2  EMILIE O. REESLUND, State Bar No. 294204
   JONES DAY
3  Silicon Valley Office
   1755 Embarcadero Road
4  Palo Alto, CA  94303
   Telephone: (650) 739-3939
5  Facsimile:  (650) 739-3900
   Email: falvarez@jonesday.com
6  Email: amoser@jonesday.com
   Email: ereeslund@jonesday.com
7
   Additional defense counsel on page 2.
8
   Attorneys for Defendant
9  COMCAST CORPORATION and
   COMCAST OF CONTRA COSTA, INC.
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12

13

14 GREGORY PETERS, TAN DUY LE,          CASE NO. _____
   STEVEN KREMESEC, JR., DAVID
15 O'SHEA, BENJAMIN CABANAYAN,          **EXHIBITS A-C**
   RANDY ARELLANO, BRIAN ALVES,         **IN SUPPORT OF REMOVAL**
16 RICHARD CERVANTES, SCOTT RADER,
   JON RUBY, ALEXANDER
17 VACCEREZZA, AARON ARRINGTON,         Complaint filed:   October 27, 2014
   SEAN PATE, ROQUE CENTENO,            FAC filed:         February 3, 2015
18 CHRISTIAN OLAGUE, BRANDON            SAC filed:         May 15, 2015
   GUSTERS, GILBERT BACIO, ADRIAN
19 CORONA, JOHN AMATO, JR., ELIAS
   REYES, JOSEPH WILLIAMS, CHIEU VO,
20 HANS BOGUSCH, MEAGAN MEDINA,
   CARLOS ESTRADA, STEVE BRIONES,
21 JAMES SARGENT, SAMUEL SWEELEY,
   KEVIN KIRK, WARREN CASIAS,
22 ANDREW GARSKE, JOSEPH ORTIZ,
   JOSE GONZALEZ, JR. AND FRANK LIRA
23             Plaintiffs,
        v.
24 COMCAST CORPORATION, a Pennsylvania
   Corporation; COMCAST OF CONTRA
25 COSTA, INC., a Washington Corporation; and
   DOES 1 through 50, Inclusive,
26             Defendants.

27

28

                            **EXHIBITS A-C**
                        **IN SUPPORT OF REMOVAL**

TROY A. VALDEZ, State Bar No. 191478
ERIN M. DOYLE, State Bar No. 233113
STEPHEN L. TAEUSCH, State Bar No. 247708
VALDEZ LAW GROUP LLP
1901 Harrison Street, Suite 1450
Oakland, California 94612
Telephone:  (415) 202-5950
Facsimile:  (415) 202-5951
Email: tvaldez@valdezlawgroup.com
Email: edoyle@valdezlawgroup.com
Email: staeusch@valdezlawgroup.com

# EXHIBIT A

 **CT Corporation**

## Service of Process Transmittal

10/31/2014
CT Log Number 525993306

**TO:** Rosemarie Pierce
Comcast Corporation
1701 John F. Kennedy Blvd, One Comcast Center - 50th Floor
Philadelphia, PA 19103

**RE:** **Process Served in California**

**FOR:** Comcast Corporation (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gregory Peters, et al., Pltfs. vs. Comcast Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Information Sheet |
| **COURT/AGENCY:** | Santa Clara County - Superior Court, CA<br>Case # 114CV272430 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to compensate for all hours worked pursuant to IWC wage order no.4 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/31/2014 at 14:50 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Matthew Righetti<br>Righetti Glugoski, P.C.<br>456 Montgomery Street, Suite 1400<br>San Francisco, CA 94104 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/01/2014, Expected Purge Date: 11/06/2014<br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

10/31/14
2:50p

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

~~ENDORSED~~
FILED

2014 OCT 27 P 3:58

De... ... ... ... Superior Court
County of Santa Clara, California
BY _____ Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF
CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50,
Inclusive, Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
GREGORY PETERS, TAN DUY LE, STEVEN KREMECEC, JR., DAVID O'SHEA, BENJAMIN CABANAYAN, RANDY
ARELLANO, BRIAN ALVES, RICHARD CERVANTES, SCOTT RADER, JON RUBY, ALEXANDER VACCEREZZA, AARON
ARRINGTON, SEAN PATE, ROQUE CENTENO, CHRISTIAN OLAGUE, BRANDON GUSTERS, GILBERT BACIO,
ADRIAN CORONA, JOHN AMATO, JR., ELIAS REYES, JOSEPH WILLIAMS, CHIEU VO, HANS BOGUSCH, MEAGAN
MEDINA, CARLOS ESTRADA, STEVE BRIONES, JAMES SARGENT, SAMUEL SWEELEY, KEVIN KIRK, WARREN
CASIAS, ANDREW GARSKE, JOSEPH ORTIZ, JOSE GONZALEZ, JR. and FRANK URA, Plaintiffs.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information
below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy
served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your
case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts
Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask
the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property
may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney
referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate
these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center
(www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and
costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a
continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta
corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar
en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.
Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la
biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte
que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le
podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de
remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un
programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,
(www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el
colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre
cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que
pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Santa Clara County Superior Court<br><br>Main Courthouse, 191 N. First Street, San Jose, CA 95113<br>Downtown Superior Court | CASE NUMBER:<br>(Número del Caso):<br>**114CV272430** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John Glugoski, Righetti Glugoski, P.C., 456 Montgomery St. #1400, San Francisco, CA 94104

| | | | |
|---|---|---|---|
| DATE: **OCT 27 2014**<br>(Fecha) | DAVID H. YAMASAKI<br>Chief Executive Officer/Clerk | Clerk, by _____<br>(Secretario) | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): COMCAST CORPORATION, a Pennsylvania Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date): 10/31/14

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>www.accesslaw.com |

1    **Matthew Righetti, SBN 121012**
2    **John Glugoski, SBN 191551**
    **RIGHETTI GLUGOSKI, P.C.**
3    456 Montgomery Street, Suite 1400
    San Francisco, CA  94104
4    Telephone:  (415) 983-0900
    Facsimile:  (415) 397-9005
5



ENDORSED
FILED

2014 OCT 27 P 3: 58

6

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **FOR THE COUNTY OF SANTA CLARA**

9

| | |
|---|---|
| 10   GREGORY PETERS, TAN DUY LE, STEVEN<br>11   KREMESEC, JR., DAVID O'SHEA,<br>     BENJAMIN CABANAYAN, RANDY<br>12   ARELLANO, BRIAN ALVES, RICHARD<br>13   CERVANTES, SCOTT RADER, JON RUBY,<br>     ALEXANDER VACCEREZZA, AARON<br>14   ARRINGTON, SEAN PATE, ROQUE<br>15   CENTENO, CHRISTIAN OLAGUE,<br>     BRANDON GUSTERS, GILBERT BACIO,<br>16   ADRIAN CORONA, JOHN AMATO, JR.,<br>     ELIAS REYES, JOSEPH WILLIAMS, CHIEU<br>17   VO,  HANS BOGUSCH, MEAGAN MEDINA,<br>18   CARLOS ESTRADA, STEVE BRIONES,<br>     JAMES SARGENT, SAMUEL SWEELEY,<br>19   KEVIN KIRK, WARREN CASIAS, ANDREW<br>20   GARSKE, JOSEPH ORTIZ, JOSE<br>     GONZALEZ, JR. and FRANK LIRA<br>21<br>         Plaintiffs,<br>22<br>23      vs.<br>24   COMCAST CORPORATION, a Pennsylvania<br>     Corporation; COMCAST OF CONTRA<br>25   COSTA, INC., a Washington Corporation; and<br>26   DOES 1 through 50, Inclusive,<br>27      Defendants. | **Case No.:**   **114CV272430**<br><br>**COMPLAINT & ENFORCEMENT<br>UNDER THE PRIVATE ATTORNEYS<br>GENERAL ACT:**<br><br>**(1) FAILURE TO PAY WAGES**<br><br>**(2) BREACH OF IMPLIED CONTRACT**<br><br>**(3) DENIAL OF MEAL PERIODS**<br><br>**(4) DENIAL OF REST PERIODS**<br><br>**(5) UNFAIR BUSINESS PRACTICES<br>(Violation of California Business &<br>Professions Code §17200 et seq.)**<br><br>**(6) FAILURE TO PROVIDE<br>ACCURATE, ITEMIZED WAGE<br>STATEMENTS** |

28

1

Plaintiffs Gregory Peters, Tan Duy Le, Steven Kremesec, Jr., David O'Shea, Benjamin Cabanayan, Randy Arellano, Brian Alves, Richard Cervantes, Scott Rader, Jon Ruby, Alexander Vaccerezza, Aaron Arrington, Sean Pate, Roque Centeno, Christian Olague, Brandon Gusters, Gilbert Bacio, Adrian Corona, John Amato, Jr., Elias Reyes, Joseph Williams, Chieu Vo, Hans Bogusch, Meagan Medina, Carlos Estrada, Steve Briones, James Sargent, Samuel Sweeley, Kevin Kirk, Warren Casias, Andrew Garske, Joseph Ortiz, Jose Gonzalez, Jr. and Frank Lira (hereinafter referred to as "Plaintiffs"), hereby submits this Complaint against Defendants COMCAST CORPORATION, COMCAST OF CONTRA COSTA, INC ("COMCAST"), and Does 1-50 (hereinafter collectively referred to as "Defendants") on behalf of themselves, as follows:

## INTRODUCTION

1. This action is within the Court's jurisdiction under California <u>Labor Code</u> §§ 201-204, 226.7, 1194, 1198, and 512, California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 4.

2. This complaint challenges Defendants' systemic illegal employment practices resulting in violations of the California <u>Labor Code</u>, <u>Business and Professions</u> Code and applicable IWC wage orders against employees of Defendants.

3. Plaintiffs are informed and believe and based thereon allege Defendants, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal and rest periods.

4. Plaintiffs are informed and believe and based thereon allege Defendants have engaged in, among other things a system of willful violations of the California <u>Labor Code</u>, <u>Business and Professions Code</u> and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due, (b) the opportunity to take meal and rest periods, and (c) accurate, itemized wage statements.

2

**5.** The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California <u>Labor Code</u>, <u>Business and Professions Code</u> and applicable IWC wage orders.

**JURISDICTION AND VENUE**

**6.** The Court has jurisdiction over the violations of the California <u>Labor Code</u> §§ 201-204, 226.7, 1194, 1198 and 512, California <u>Business and Professions Code</u> § 17200, et seq. (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12 claims alleged herein.

**7.** Venue is proper because the alleged wrongs occurred in Santa Clara County. Defendants are located within California and Santa Clara County. Plaintiffs worked for Defendants in Santa Clara County. The events that are the subject of this action took place in Santa Clara County.

**PARTIES**

**8.** Plaintiffs have been employed or are currently employed as service technicians with Defendants within four years preceding the filing date of the initial class action Complaint entitled Fayerweather v. Comcast Case No. MSC-08-01470. The filing of the Fayerweather class action complaint on May 27, 2008 tolled the statute of limitations for the named Plaintiffs from four years from the filing of the Fayerweather class action complaint to the present. Plaintiffs are and were victims of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed them by California <u>Labor Code</u> §§ 204, 226.7, 1194 1198, and 512, California <u>Business and Professions Code</u> § 17200, et seq. (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12. Plaintiffs all worked in Santa Clara County, was and were employed by Defendants at all times relevant to this complaint in Santa Clara. Plaintiffs all worked within 4 years of the filing of the Fayerweather v. Comcast case.

3

**COMPLAINT**

9. Plaintiffs are informed and believe and based thereon allege Defendant COMCAST CORPORATION was and is a California Corporation doing business in the State of California with its principal place of business in Alameda County.

10. Plaintiffs are informed and believe and based thereon allege Defendants were a California Corporation doing business in the State of California with its principal place of business in Alameda County.

11. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned Defendants and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. Defendants own and operate an industry, business and establishment throughout California and is headquartered in Alameda County, for the purpose of providing cable, internet, telephone and other communications services. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-204, 226.7, 1198, , and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12.

12. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray leave to amend this complaint when the true names and capacities are known. Plaintiffs are informed and believe and based thereon allege that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiffs to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were

1   acting within the course and scope of said agency and employment.

2      **14.**    Plaintiffs are informed and believe and based thereon allege that at all times

3   material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or

4   joint venturer of, or working in concert with each of the other co-Defendants and was acting

5   within the course and scope of such agency, employment, joint venture, or concerted activity.

6   To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of

7   the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

8   Defendant.

9      **15.**    At all times herein mentioned, Defendants, and each of them, were members of,

10  and engaged in, a joint venture, partnership and common enterprise, and acting within the course

11  and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

12     **16.**    At all times herein mentioned, the acts and omissions of various Defendants, and

13  each of them, concurred and contributed to the various acts and omissions of each and all of the

14  other Defendants in proximately causing the injuries and damages as herein alleged.

15     **17.**    At all times herein mentioned, Defendants, and each of them, ratified each and

16  every act or omission complained of herein.  At all times herein mentioned, the Defendants, and

17  each of them, aided and abetted the acts and omissions of each and all of the other Defendants in

18  proximately causing the damages as herein alleged.

19

20          **FACTUAL ALLEGATIONS RELEVANT TO CAUSES OF ACTION**

21     **18.**    Defendants are a cable services and communications company.

22     **19.**    Plaintiffs Gregory Peters, Tan Duy Le, Steven Kremesec, Jr., David O'Shea,

23  Benjamin Cabanayan, Randy Arellano, Brian Alves, Richard Cervantes, Scott Rader, Jon Ruby,

24  Alexander Vaccerezza, Aaron Arrington, Sean Pate, Roque Centeno, Christian Olague, Brandon

25  Gusters, Gilbert Bacio, Adrian Corona, John Amato, Jr., Elias Reyes, Joseph Williams, Chieu

26  Vo, Hans Bogusch, Meagan Medina, Carlos Estrada, Steve Briones, James Sargent, Samuel

27  Sweeley, Kevin Kirk, Warren Casias, Andrew Garske, Joseph Ortiz, Jose Gonzalez, Jr. and

28  Frank Lira have all been employed by Defendants within the 4 years of the filing of the original

Fayerweather v. Comcast Complaint. Plaintiffs report to Defendants' facilities for work at or around their regularly scheduled start times in the morning. Plaintiffs regularly scheduled start times are invariably on the hour, half-hour or quarter-hour. Plaintiffs then travel from job site to job site in a company vehicle.

20.     Plaintiffs are/were required to carry portable Nextel devices which they were expected and instructed to use to record start and end times for work activities performed throughout the day such as repair work, installations, training, meetings, warehouse visits etc.... as well as start and end time for lunches, and start and end time for breaks.

21.     In addition, Plaintiffs were required to remain on-duty during the entire work day with their Nextel communication devices on at all times so that Defendant could communicate with the Plaintiffs at all times of the work day. Defendant had a uniform policy and practice of contacting Plaintiffs through their Nextel devices at all times of the day including interrupting Plaintiffs during what would otherwise be meal periods and rest breaks. Defendant's employees including dispatchers and supervisors regularly used the Nextel devices throughout the work day to communicate with Plaintiffs. Since Plaintiffs were to remain "on-duty" at all times, Plaintiffs were expected and required to immediately respond and/or answer all communication from Defendant at all times of the day. The purpose of these communications was to advise Plaintiffs about their work activities, including rerouting and assignment of jobs as well as to obtain job progress information from Plaintiffs. Job progress information was essential so that Defendant could assess whether Plaintiffs could arrive on time to their next job assignment or if another technician would need to be sent. Further, the job progress information was necessary so Defendant could notify customers throughout the day whose job order was next in line as to when the customers could expect Plaintiffs to arrive to complete work for the respective customers.

22.     Defendants instruct/instructed Plaintiffs to accurately record their "job status" using the portable Nextel device, throughout the day including when they attempted to take lunch or go on break but at the same time record on separate time sheets that would be turned in

6

**COMPLAINT**

before the work day commenced and/or was finished that they received an hour lunch which they did not receive.

23.     Defendants instruct/instructed Plaintiffs to accurately record all start and end time of jobs, meal periods and breaks so that Defendant would know who was available to be sent to another location and who was still working on a job and therefore could not be sent to another location at that time.

24.     Due to the workload required of Plaintiffs and the uniform policy of being "on-duty" at all times, Plaintiffs work/worked for periods of more than five (5) hours without an uninterrupted meal period of thirty (30) minutes.

25.     Due to the workload required of Plaintiffs and the uniform policy of being "on-duty" at all times, Plaintiffs work/worked for periods of more than four (4) hours without a rest period of ten (10) minutes.

26.     Due to the workload required of Plaintiffs, Plaintiffs were not paid for all hours worked.

### FIRST CAUSE OF ACTION

### (FAILURE TO COMPENSATE FOR ALL HOURS WORKED PURSUANT TO IWC WAGE ORDER NO. 4 AND LABOR CODE § 1194)

27.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 as though fully set for herein.

28.     This cause of action is brought pursuant to Labor Code §1194, et seq., which provides that employees are entitled to wages and compensation for work performed, and provides a private right of action for failure to pay legal compensation for work performed, whether it be straight-time or overtime.

29.     At all times relevant herein, Defendants were required to compensate its non-exempt, hourly employees for all hours worked pursuant to in violation of California Labor Code §1194 and IWC Wage Order No. 4.

30.     As a pattern and practice, Defendants relied on punch data/time sheets in many

7

**COMPLAINT**

instances filed out before the work day commenced to compensate Plaintiffs for hours worked rather than relying on the actual records that reflect hours worked and meal periods, i.e. the CSG records that were kept in real time. As a result, Plaintiffs were not compensated for all hours they were subject to the control of Defendants; including all time they were suffered or permitted to work.

31.     Plaintiffs are informed and believe and based thereon allege Defendants uniformly administered a corporate policy concerning staffing levels, duties and responsibilities which required Plaintiffs to work without appropriate pay.  This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels.  The inadequate staffing levels were enforced and ensured through the uniform and mandated corporate policy of a minimal labor budget.  This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by required Plaintiffs to work without proper compensation because they were unable to take the meal periods which were automatically deducted from their time records.

32.     As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly maintain records pertaining to when Plaintiffs began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay in violation of California Labor Code §1174.

33.     The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and was done by managerial employees of Defendants.  Plaintiffs are thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

34.     Plaintiffs are informed and believe and based thereon allege Defendants willfully failed to pay employees proper compensation for all hours worked.  Plaintiffs are informed and believe and based thereon allege Defendants' willful failure to provide wages due and owing

them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.   Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

35.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of straight time compensation and overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code §1194, et seq.

## SECOND CAUSE OF ACTION

## (FOR BREACH OF IMPLIED CONTRACT FORM BY CONDUCT:  WORKING OFF-THE CLOCK)

36.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

37.     Plaintiffs plead this cause of action as an alternative theory of liability to their First Cause of Action.

38.     As noted by the United States Supreme Court, ""[A]n informal contract of employment may arise by the simple act of handing a job applicant a shovel and providing a workplace." Hishon v. King & Spalding, 467 U.S. 69, 74 (1984).

39.     The employment contracts between hourly-paid employees and Defendants, arise from, among other things: Defendants' conduct of treating hourly-paid employees as their employees; Defendants' standardized employee orientation; hourly-paid employees' pay-stubs; Defendants' corporate meal break policy; and the distribution of the Handbook to hourly-paid employees.

40.     By furnishing their labor on behalf of Defendants and/or with their knowledge and/or acquiescence, hourly-paid employees duly performed all the conditions on their part under their employment contracts.

41.     By failing to properly compensate hourly-paid employees for off-the-clock work,

9

Defendants breached their employment contracts with Plaintiffs.

42.     Plaintiffs suffered damages in the form of lost wages and benefits as a direct result of Defendants' conduct. Defendants are liable to Plaintiffs for the damages incurred as a result of Defendants' failure to pay Plaintiffs for their off-the-clock work.

**THIRD CAUSE OF ACTION**

**(FOR FAILURE TO PROVIDE MEAL BREAKS**

**IN VIOLATION OF <u>LABOR CODE</u> §§ 226.7 AND 512**

**AND IWC WAGE ORDER NO. 4)**

43.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

44.     Defendants failed in their affirmative obligation to ensure that all of their employees, including Plaintiffs, were actually relieved of all duties, not performing any work, and free to leave the premises during meal periods.  Plaintiffs were suffered and permitted to work through legally required meal breaks.  As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 11(B). Defendants shall pay the each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal break was not provided.

45.     Plaintiffs regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

46.     As a pattern and practice, Defendants regularly required employees to work through their meal periods without proper compensation.  Defendants did staff and schedule employees in such a manner and at such posts that would make it impossible for these employees to take their meal period as required under California law.  This policy of requiring employees to work through their legally mandated meal periods is a violation of California law.  Indeed, Defendants' own records, i.e. the CSG data, confirms whether an employee used the Nextel device to clock out for a meal period lasting not less than thirty minutes.  For those instances where the CSG data shows a meal period lasting less than 30 minutes, Defendants did not

10

---

**COMPLAINT**

1 | compensate Plaintiff with an extra hour of pay.

2 | **47.** Plaintiffs never received "off-duty" breaks because they were required by

3 | Defendants to keep their Nextel devices on and answer calls from dispatchers and supervisors

4 | throughout the day, including during their lunch breaks.

5 | **48.** Plaintiff is informed and believes and based thereon alleges Defendants failure to

6 | provide Plaintiff with the opportunity to take meal breaks was willful and done with the

7 | wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to

8 | malice, and in conscious disregard of Plaintiffs.

9 | **49.** Plaintiffs are informed and believe and based thereon allege Defendants willfully

10 | failed to pay employees who were not provided the opportunity to take meal breaks the premium

11 | compensation set out in Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B). Plaintiffs are

12 | informed and believe and based thereon allege Defendants' willful failure to provide Plaintiffs

13 | the wages due and owing them upon separation from employment results in a continued payment

14 | of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs who

15 | have separated from employment are entitled to compensation pursuant to Labor Code § 203.

16 |

17 | **50.** As a pattern and practice, in violation of the aforementioned labor laws and wage

18 | orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly

19 | maintain records pertaining to when Plaintiffs began and ended each meal period in violation of

20 | California Labor Code §1174 and § 4 of the applicable IWC Wage Order(s). This, despite the

21 | fact that Defendant knew the CSG data was an accurate record of meal periods taken and the

22 | length of each meal period.

23 | **51.** Such a pattern, practice and uniform administration of corporate policy as

24 | described herein is unlawful and creates an entitlement to recovery by the Plaintiff identified

25 | herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to

26 | Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B), including interest thereon, penalties,

27 | reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code

28 | §§ 218.5 or 1194.

11

**COMPLAINT**

52.     By requiring that Plaintiffs remain on duty during meal periods, Defendants' wrongful and illegal conduct in failing to provide Plaintiffs with the opportunity to take meal breaks and to provide premium compensation in accordance with <u>Labor Code</u> §§ 226.7 and 512 and IWC Wage Order No. 4 § 11(B) despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## FOURTH CAUSE OF ACTION

### (FOR FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF <u>LABOR CODE</u> §§ 226.7 AND 512 AND IWC WAGE ORDER NO. 4)

53.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

54.     Defendants affirmatively prevented Plaintiff from taking legally mandated rest breaks.  As such, Defendant is responsible for paying premium compensation for missed rest periods pursuant to <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 12(B). Defendants shall pay each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break was not provided.

55.     Plaintiff regularly worked in excess of three and half (3 ½) hours per day. Defendants' policies and practices prevented Plaintiff from enjoying their right to a ten (10) minute rest period in the middle of each four (4) hour work period.

56.     As a pattern and practice, Defendants regularly required employees to work through rest periods.  Defendants and Defendants' supervisors assigned work, scheduled shifts, and staffed worksites in a manner that did not allow Plaintiff to regularly take rest periods.

**COMPLAINT**

**57.** Plaintiffs are informed and believes and based thereon alleges Defendants failure to provide Plaintiffs with the opportunity to take rest breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiffs, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' rights.

**58.** Plaintiffs are informed and believes and based thereon alleges Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B). Plaintiffs are informed and believes and based thereon alleges Defendants' willful failure to provide Plaintiffs the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**59.** Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B), including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5 or 1194.

**60.** Defendants' wrongful and illegal conduct in failing provide Plaintiffs' with the opportunity to take rest breaks and to provide premium compensation in accordance with Labor Code §§ 226.7 and 512 and IWC Wage Order No. 4§ 12(B) despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future

13

**COMPLAINT**

1   compliance with the California labor laws and wage orders alleged to have been violated herein.

2                              **FIFTH CAUSE OF ACTION**

3   **(FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)**

4       **61.**     Plaintiffs re-allege and incorporate by reference each and every allegation set

5   forth in the preceding paragraphs.

6       **62.**     Defendants, and each of them, have engaged and continue to engage in unfair

7   business practices in California by practicing, employing and utilizing the employment practices

8   outlined above, inclusive, to wit, (a) not compensate employees for all hours worked, and (b) to

9   require employees to work through meal and rest periods.

10      **63.**     Defendants' utilization of such unfair business practices constitutes unfair

11  competition and provides an unfair advantage over Defendants' competitors.

12      **64.**     Plaintiffs seek, on their own behalves, full restitution of monies, as necessary and

13  according to proof, to restore any and all monies withheld, acquired and/or converted by the

14  Defendants by means of the unfair practices complained of herein.

15
16      **65.**     Plaintiffs seek, on their own behalves, an injunction to prohibit Defendants from

17  continuing to engage in the unfair business practices complained of herein.

18      **66.**     The restitution includes the equivalent of (a) all unpaid wages for hours worked

19  whether it be straight-time or overtime, and (b) all unpaid premium compensation mandated by

20  Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) and 12(B), including interest thereon.

21      **67.**     The acts complained of herein occurred within the last four years preceding the

22  filing of the *Fayerweather* complaint.

23      **68.**     Plaintiffs are informed and believes and on that basis alleges that at all times

24  herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices,

25  as proscribed by California Business and Professions Code § 17200 et seq., including those set

26  forth herein above thereby depriving Plaintiffs the minimum working condition standards and

27  conditions due to them under the California laws and Industrial Welfare Commission wage

28  orders as specifically described therein.

14

**COMPLAINT**

## SIXTH CAUSE OF ACTION

### (For Violation of LABOR CODE § 226

**69.** Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**70.** Plaintiffs have been harmed as described herein and set forth in the First, Second, Third, and Fourth Causes of Action.

**71.** As a pattern and practice, Defendant failed to furnish Plaintiffs, either semimonthly or at the time of each payment of wages, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing gross wages earned, total hours worked, and the applicable hourly rates and corresponding number of hours worked by Plaintiffs at each rate.

**72.** Defendant willfully and intentionally failed to provide Plaintiffs with accurate, itemized statements, to show on such itemized statements the proper total hours, including overtime hours, worked by Plaintiffs in that it required or suffered them to work and failed to pay wages to them for all hours worked. Defendant willfully and intentionally failed to show accurate gross wages earned, total hours worked by Plaintiffs, and all applicable hourly rates and the corresponding number of hours worked by Plaintiffs at each rate.

**73.** Moreover, Defendant failed to maintain the records required by Labor Code section 226(a) for at least three years at the place of employment or at a central location within the State of California. Instead, Defendant routinely destroyed the CSG data that contained the records confirming when Plaintiffs logged in and out of their Nextel devices for meal periods and rest breaks and to record work time.

**74.** As such, Plaintiffs are entitled to payment from Defendant of the greater of actual damages or $50 for the initial pay period in which the violation occurred and $100 for each subsequent violation, up to a maximum of $4000, pursuant to Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

15

**COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on their own behalves prays for judgment as follows:

1. Upon the First and Second Cause of Action, for consequential damages according to proof;

2. Upon the First and Second Cause of Action, for punitive and exemplary damages according to proof;

3. Upon the First and Second Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203;

4. Upon the Third Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) related to meal breaks;

5. Upon the Third Cause of Action, for waiting time compensation according to proof pursuant to California Labor Code § 203;

6. Upon the Third Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to meal breaks and record keeping for Defendants' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

7. Upon the Fourth Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B) related to rest breaks;

8. Upon the Fourth Cause of Action, for waiting time compensation according to proof pursuant to California Labor Code § 203;

9. Upon the Fourth Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to rest breaks; and for an order enjoining and

16

restraining Defendants and their agents, servants and employees related thereto;

10. Upon the Fifth Cause of Action, for restitution to Plaintiff of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code § 17200 et seq.;

11. Upon the Fifth Cause of Action, for an injunction to prohibit Defendants to engage in the unfair business practices complained of herein;

12. Upon the Fifth Cause of Action, for an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

13. Upon the Sixth Cause of Action, for actual damages or statutory penalties according to proof as set forth in California Labor Code § 226 and IWC Wage Order No. 4 § 7(B) related to record keeping;

14. Upon the Sixth Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

15. For pre-judgment interest as allowed by California Labor Code §§ 218.5 or 1194 and California Civil Code § 3287;

16. For reasonable attorneys' fees, expenses and costs as provided by California Labor Code §§ 218.5 or 1194 and Code of Civil Procedure § 1021.5; and,

17. For such other and further relief the court may deem just and proper.

Dated: October 10, 2014                RIGHETTI GLUGOSKI, P.C.

                                       By: _____
                                           John Glugoski
                                           Attorneys for Plaintiffs

17

**COMPLAINT**

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>RIGHETTI GLUGOSKI, P.C.<br>Matthew Righetti (SBN 121012)   John Glugoski (SBN 191551)<br>456 Montgomery Street, Suite 1400, San Francisco, CA 94104<br>TELEPHONE NO.: 415.983.0900   FAX NO.: 415.397.9005<br>ATTORNEY FOR *(Name):* GREGORY PETERS, et al. | **FOR COURT USE ONLY**<br><br>ENDORSED<br>FILED<br><br>2014 OCT 27  P 3: 58<br><br>David H. Yamasaki, Chief Executive Officer/Clerk<br>Superior Court of CA, County of Santa Clara<br>By _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Main Courthouse

CASE NAME: GREGORY PETERS, et al. v. COMCAST CORPORATION

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: 114CV272430 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/24/2014

John Glugoski
*(TYPE OR PRINT NAME)*                    ▶ _____
                                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE
**Superior Court of California, County of Santa Clara**
**191 N. First St., San Jose, CA 95113**

CASE NUMBER: 114CV272430

---

### PLEASE READ THIS ENTIRE FORM

---

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Mary Arand**                     Department: **9**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
          Date: **3/3/15**          Time: **1:30pm**   in Department: **9**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
          Date: _____          Time: _____   in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

# EXHIBIT B

**COPY**



**SUM-100**

# FIRST AMENDED **SUMMONS**
## *(CITACION JUDICIAL)*

ENDORSED
FILED

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

2015 FEB -3 P 1: 44

[stamp] Superior Court
California
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive, Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GREGORY PETERS, TAN DUY LE, STEVEN KREMESEC, JR., DAVID O'SHEA, BENJAMIN CABANAYAN, RANDY ARELLANO, BRIAN ALVES, RICHARD CERVANTES, SCOTT RADER, JON RUBY, ALEXANDER VACCEREZZA, AARON ARRINGTON, SEAN PATE, ROQUE CENTENO, CHRISTIAN CILAGUE, BRANDON GUSTERS, GILBERT BACIO, ADRIAN CORONA, JOHN AMATO, JR., ELIAS REYES, JOSEPH WILLIAMS, CHIEU VO, HANS BEGUESSE, MEAGAN MEDINA, CARLOS ESTRADA, STEVE BRIONES, JAMES SARGENT, SAMUEL SWEELEY, KEVIN KIRK, WARREN CASIAS, ANDREW GARSKE, JOSEPH ORTIZ, JOSE GONZALEZ, JR. and FRANK LIRA, Plaintiffs.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Santa Clara County Superior Court | 114CV272430 |
| Main Courthouse, 191 N. First Street, San Jose, CA 95113 Downtown Superior Court | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Glugoski, Righetti Glugoski, P.C., 456 Montgomery St. #1400, San Francisco, CA 94104

DAVID H. YAMASAKI
Executive Officer/Clerk

| DATE: *(Fecha)* | FEB - 3 2015 | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* COMCAST CORPORATION et al.

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

*www.accesslaw.com*



1   **Matthew Righetti, SBN 121012**
2   **John Glugoski, SBN 191551**
    **RIGHETTI GLUGOSKI, P.C.**
3   456 Montgomery Street, Suite 1400
    San Francisco, CA 94104
4   Telephone: (415) 983-0900
    Facsimile: (415) 397-9005
5

6

7                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                       **FOR THE COUNTY OF SANTA CLARA**

9

10
     GREGORY PETERS, TAN DUY LE, STEVEN      **Case No.: 114CV272430**
11   KREMESEC, JR., DAVID O'SHEA,
     BENJAMIN CABANAYAN, RANDY               **FIRST AMENDED COMPLAINT &**
12   ARELLANO, BRIAN ALVES, RICHARD          **ENFORCEMENT UNDER THE**
     CERVANTES, SCOTT RADER, JON RUBY,       **PRIVATE ATTORNEYS GENERAL**
13   ALEXANDER VACCEREZZA, AARON             **ACT:**
14   ARRINGTON, SEAN PATE, ROQUE             **(1) FAILURE TO PAY WAGES**
     CENTENO, CHRISTIAN OLAGUE,
15   BRANDON GUSTERS, GILBERT BACIO,         **(2) BREACH OF IMPLIED CONTRACT**
     ADRIAN CORONA, JOHN AMATO, JR.,
16   ELIAS REYES, JOSEPH WILLIAMS, CHIEU     **(3) DENIAL OF MEAL PERIODS**
17   VO, HANS BOGUSCH, MEAGAN MEDINA,        **(4) DENIAL OF REST PERIODS**
     CARLOS ESTRADA, STEVE BRIONES,
18   JAMES SARGENT, SAMUEL SWEELEY,          **(5) UNFAIR BUSINESS PRACTICES**
     KEVIN KIRK, WARREN CASIAS, ANDREW       **(Violation of California Business &**
19   GARSKE, JOSEPH ORTIZ, JOSE              **Professions Code §17200 et seq.)**
20   GONZALEZ, JR. and FRANK LIRA            **(6) FAILURE TO PROVIDE**
                                             **ACCURATE, ITEMIZED WAGE**
21              Plaintiffs,                  **STATEMENTS**

22
           vs.
23
     COMCAST CORPORATION, a Pennsylvania
24   Corporation; COMCAST OF CONTRA
     COSTA, INC., a Washington Corporation; and
25   DOES 1 through 50, Inclusive,
26
                Defendants.
27

28

                                    -1-
                         **FIRST AMENDED COMPLAINT**

Plaintiffs Gregory Peters, Tan Duy Le, Steven Kremesec, Jr., David O'Shea, Benjamin Cabanayan, Randy Arellano, Brian Alves, Richard Cervantes, Scott Rader, Jon Ruby, Alexander Vaccerezza, Aaron Arrington, Sean Pate, Roque Centeno, Christian Olague, Brandon Gusters, Gilbert Bacio, Adrian Corona, John Amato, Jr., Elias Reyes, Joseph Williams, Chieu Vo, Hans Bogusch, Meagan Medina, Carlos Estrada, Steve Briones, James Sargent, Samuel Sweeley, Kevin Kirk, Warren Casias, Andrew Garske, Joseph Ortiz, Jose Gonzalez, Jr. and Frank Lira (hereinafter referred to as "Plaintiffs"), hereby submits this Complaint against Defendants COMCAST CORPORATION, COMCAST OF CONTRA COSTA, INC ("COMCAST"), and Does 1-50 (hereinafter collectively referred to as "Defendants") on behalf of themselves, as follows:

## **INTRODUCTION**

**1.** This  action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226.7, 1194, 1198, and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 4.

**2.** This complaint challenges Defendants' systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders against employees of Defendants.

**3.** Plaintiffs are informed and believe and based thereon allege Defendants, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal and rest periods.

**4.** Plaintiffs are informed and believe and based thereon allege Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due, (b) the opportunity to take meal and rest periods, and (c) accurate, itemized wage statements.

**5.** The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California <u>Labor Code</u>, <u>Business and Professions Code</u> and applicable IWC wage orders.

<strong><u>JURISDICTION AND VENUE</u></strong>

**6.** The Court has jurisdiction over the violations of the California <u>Labor Code</u> §§ 201-204, 226.7, 1194, 1198 and 512, California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12 claims alleged herein.

**7.** Venue is proper because the alleged wrongs occurred in Santa Clara County. Defendants are located within California and Santa Clara County. Plaintiffs worked for Defendants in Santa Clara County. The events that are the subject of this action took place in Santa Clara County.

<strong><u>PARTIES</u></strong>

**8.** Plaintiffs have been employed or are currently employed as service technicians with Defendants within four years preceding the filing date of the initial class action Complaint entitled Fayerweather v. Comcast Case No. MSC-08-01470. The filing of the Fayerweather class action complaint on May 27, 2008 tolled the statute of limitations for the named Plaintiffs from four years from the filing of the Fayerweather class action complaint (i.e., May 27, 2004) to the present. Plaintiffs are and were victims of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed them by California <u>Labor Code</u> §§ 204, 226.7, 1194 1198, and 512, California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12. Plaintiffs all worked in Santa Clara County, are and/or were employed by Defendants at all times relevant to this complaint in Santa Clara. Plaintiffs all worked within 4 years of the filing of the Fayerweather v. Comcast case. Plaintiff Gabriel Fayerweather filed his action on May 27, 2008.

His case is pending before the Complex Litigation Department in Contra Costa County. Judge Goode issued an order certifying that case as a class action on April 12, 2010. Plaintiffs were members of the class certified by the court. The court's April 12, 2010 order certified claims for causes of action based on failure to provide meal breaks, failure to authorize and permit rest breaks, and failure to pay wages for all hours worked (off-the-clock). On November 17, 2011, at a status conference, the trial court issued an Order to Show Cause why the class should not be decertified following the Supreme Court's decision in *Brinker*. Following extensive briefing and oral argument, the trial court issued an order decertifying the class on December 15, 2012. On February 8 2013, Mr. Fayerweather filed an appeal challenging the legal validity of the trial court's decertification order on the grounds that the decision is rooted in both legal error and an abuse of discretion. Unlike federal law, where a decertification order is a final non-appealable order once it is issued as set forth in FRCP Rule 23 (f), in state court actions, where the Fayerweather case was pending and under California state law, which governs Fayerweather, the decertification order is an automatically appealable order and does not become final until exhaustion of appeals. As *Stephen v. Enter. Rent-A-Car*, 235 Cal. App. 3d 806 explains:

> We hold, first, that no policy in the law allowed Stephen to "renew" a class certification motion which had been denied on the merits by a final, appealable order. The one-final-judgment rule generally precludes piecemeal litigation through appeals from orders which dispose of less than an entire action. (9 Witkin, Cal.Procedure (3d ed. 1985) Appeal, § 43, pp. 66–67; *Vasquez v. Superior Court* (1971) 4 Cal.3d 800, 806, 94 Cal.Rptr. 796, 484 P.2d 964 (*Vasquez* ).) An order denying class certification does not finally dispose of an action since it leaves it intact as to the *individual* plaintiff. However, the order is appealable if it effectively terminates the entire action as to the class, in legal effect being "tantamount to a dismissal of the action as to all members of the class other than plaintiff. [Citations.]" (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 699, 63 Cal.Rptr. 724, 433 P.2d 732; *Richmond v. Dart Industries, Inc., supra,* 29 Cal.3d 462, 470, 174 Cal.Rptr. 515, 629 P.2d 23.) The appeal is allowed, as a matter of state law policy, because the order has "the 'death knell' effect of making further proceedings in the action impractical...." (*General Motors Corp. v. Superior Court* (1988) 199 Cal.App.3d 247, 251, 244 Cal.Rptr. 776.) Federal law, by contrast, while acknowledging death-knell consequences, denies a right of direct appeal in any circumstances. (*Ibid.; Coopers & Lybrand v. Livesay* (1978) 437 U.S. 463, 469–470, 98 S.Ct. 2454, 2458–2459, 57 L.Ed.2d 351.) Because California allows direct appeals of death-knell orders, a plaintiff who fails to appeal from one loses forever the right to attack it. The order

becomes final and binding. Two cases from this district illustrate the concept, holding that plaintiffs could not, on appeal from final judgments on the merits of their cases, attack final orders denying class certification. (*Guenter v. Lomas & Nettleton Co.* (1983) 140 Cal.App.3d 460, 465, 189 Cal.Rptr. 470; *Morrissey v. City and County of San Francisco* (1977) 75 Cal.App.3d 903, 906–908, 142 Cal.Rptr. 527.) This, of course, is the reverse of federal law, which makes certification orders reviewable *only* on appeal *812 from the final judgment. (*General Motors Corp. v. Superior Court, supra,* 199 Cal.App.3d 247, 251, 244 Cal.Rptr. 776.)

*Stephen v. Enter. Rent-A-Car*, 235 Cal. App. 3d 806, 811-12, 1 Cal. Rptr. 2d 130, 132-33 (Ct. App. 1991)

Fayerweather filed a timely appeal of the decertification order. The court of appeal issued a decision on Fayerweather's appeal on August 28, 2014. This matter was filed on October 27, 2014. Thus, the decertification order did not become final until after this case had already been filed. In addition, Fayerweather filed a Petition for Review with the California Supreme Court on October 7, 2014. It was not until November 25, 2014, that the Supreme Court denied the petition. Furthermore, although Plaintiffs were aware that the case had been certified as a class action, they were never notified that the case had been *decertified*. The Plaintiffs had a reasonable belief that their claims were being protected and prosecuted in the Fayerweather action and were never notified to the contrary. Thus, the statute of limitations on Plaintiffs' claim was tolled from May 27, 2004 up to the time this case was filed.

9.     Plaintiffs are informed and believe and based thereon allege Defendant COMCAST CORPORATION was and is a California Corporation doing business in the State of California with its principal place of business in Alameda County

10.     Plaintiffs are informed and believe and based thereon allege Defendants were a California Corporation doing business in the State of California with its principal place of business in Alameda County.

11.     Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned Defendants and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. Defendants own and operate an industry, business and establishment throughout California and is headquartered in Alameda County, for the purpose of providing cable, internet,

telephone and other communications services.  As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-204, 226.7, 1198, and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12.

12.     Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray leave to amend this complaint when the true names and capacities are known.  Plaintiffs are informed and believe and based thereon allege that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiffs to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.     Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

15.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**16.**     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

**17.**     At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

**FACTUAL ALLEGATIONS RELEVANT TO CAUSES OF ACTION**

**18.**     Defendants are a cable services and communications company.

**19.**     Plaintiffs Gregory Peters, Tan Duy Le, Steven Kremesec, Jr., David O'Shea, Benjamin Cabanayan, Randy Arellano, Brian Alves, Richard Cervantes, Scott Rader, Jon Ruby, Alexander Vaccerezza, Aaron Arrington, Sean Pate, Roque Centeno, Christian Olague, Brandon Gusters, Gilbert Bacio, Adrian Corona, John Amato, Jr., Elias Reyes, Joseph Williams, Chieu Vo, Hans Bogusch, Meagan Medina, Carlos Estrada, Steve Briones, James Sargent, Samuel Sweeley, Kevin Kirk, Warren Casias, Andrew Garske, Joseph Ortiz, Jose Gonzalez, Jr. and Frank Lira have all been employed by Defendants within the 4 years of the filing of the original Fayerweather v. Comcast Complaint. Plaintiffs report to Defendants' facilities for work at or around their regularly scheduled start times in the morning.  Plaintiffs regularly scheduled start times are invariably on the hour, half-hour or quarter-hour.  Plaintiffs then travel from job site to job site in a company vehicle.

**20.**     Plaintiffs are/were required to carry portable Nextel devices which they were expected and instructed to use to record start and end times for work activities performed throughout the day such as repair work, installations, training, meetings, warehouse visits etc.... as well as start and end time for lunches, and start and end time for breaks.

**21.**     In addition, Plaintiffs were required to remain on-duty during the entire work day with their Nextel communication devices on at all times so that Defendant could communicate with the Plaintiffs at all times of the work day. Defendant had a uniform policy and practice of

contacting Plaintiffs through their Nextel devices at all times of the day including interrupting Plaintiffs during what would otherwise be meal periods and rest breaks. Defendant's employees including dispatchers and supervisors regularly used the Nextel devices throughout the work day to communicate with Plaintiffs. Since Plaintiffs were to remain "on-duty" at all times, Plaintiffs were expected and required to immediately respond and/or answer all communication from Defendant at all times of the day.  The purpose of these communications was to advise Plaintiffs about their work activities, including rerouting and assignment of jobs as well as to obtain job progress information from Plaintiffs. Job progress information was essential so that Defendant could assess whether Plaintiffs could arrive on time to their next job assignment or if another technician would need to be sent.  Further, the job progress information was necessary so Defendant could notify customers throughout the day whose job order was next in line as to when the customers could expect Plaintiffs to arrive to complete work for the respective customers.

   **22.**    Defendants instruct/instructed Plaintiffs to accurately record their "job status" using the portable Nextel device, throughout the day including when they attempted to take lunch or go on break but at the same time record on separate time sheets that would be turned in before the work day commenced and/or was finished that they received an hour lunch which they did not receive.

   **23.**    Defendants instruct/instructed Plaintiffs to accurately record all start and end time of jobs, meal periods and breaks so that Defendant would know who was available to be sent to another location and who was still working on a job and therefore could not be sent to another location at that time.

   **24.**    Due to the workload required of Plaintiffs and the uniform policy of being "on-duty" at all times, Plaintiffs work/worked for periods of more than five (5) hours without an uninterrupted meal period of thirty (30) minutes.

   **25.**    Due to the workload required of Plaintiffs and the uniform policy of being "on-duty" at all times, Plaintiffs work/worked for periods of more than four (4) hours without a rest

1   period of ten (10) minutes.

2       **26.**     Due to the workload required of Plaintiffs, Plaintiffs were not paid for all hours

3   worked.

4                           **FIRST CAUSE OF ACTION**

5   **(FAILURE TO COMPENSATE FOR ALL HOURS WORKED PURSUANT TO IWC**

6           **WAGE ORDER NO. 4 AND LABOR CODE § 1194)**

7       **27.**     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 as

8   though fully set for herein.

9       **28.**     This cause of action is brought pursuant to Labor Code §1194, et seq., which

10  provides that employees are entitled to wages and compensation for work performed, and

11  provides a private right of action for failure to pay legal compensation for work performed,

12  whether it be straight-time or overtime.

13      **29.**     At all times relevant herein, Defendants were required to compensate its non-

14  exempt, hourly employees for all hours worked pursuant to in violation of California Labor Code

15  §1194 and IWC Wage Order No. 4.

16

17      **30.**     As a pattern and practice, Defendants relied on punch data/time sheets in many

18  instances filed out before the work day commenced to compensate Plaintiffs for hours worked

19  rather than relying on the actual records that reflect hours worked and meal periods, i.e. the CSG

20  records that were kept in real time. As a result, Plaintiffs were not compensated for all hours they

21  were subject to the control of Defendants; including all time they were suffered or permitted to

22  work.

23      **31.**     Plaintiffs are informed and believe and based thereon allege Defendants

24  uniformly administered a corporate policy concerning staffing levels, duties and responsibilities

25  which required Plaintiffs to work without appropriate pay.  This included a uniform corporate

26  pattern and practice of allocating and authorizing inadequate staffing levels.  The inadequate

27  staffing levels were enforced and ensured through the uniform and mandated corporate policy of

28  a minimal labor budget.  This corporate conduct is accomplished with the advance knowledge

and designed intent to save labor costs by required Plaintiffs to work without proper compensation because they were unable to take the meal periods which were automatically deducted from their time records.

32.     As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly maintain records pertaining to when Plaintiffs began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay in violation of California Labor Code §1174.

33.     The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and was done by managerial employees of Defendants. Plaintiffs are thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

34.     Plaintiffs are informed and believe and based thereon allege Defendants willfully failed to pay employees proper compensation for all hours worked. Plaintiffs are informed and believe and based thereon allege Defendants' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

35.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of straight time compensation and overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code §1194, et seq.

## SECOND CAUSE OF ACTION

## (FOR BREACH OF IMPLIED CONTRACT FORM BY CONDUCT: WORKING OFF-THE CLOCK)

1    **36.**    Plaintiffs re-allege and incorporate by reference each and every allegation set
2  forth in the preceding paragraphs.

3    **37.**    Plaintiffs plead this cause of action as an alternative theory of liability to their
4  First Cause of Action.

5    **38.**    As noted by the United States Supreme Court, ""[A]n informal contract of
6  employment may arise by the simple act of handing a job applicant a shovel and providing a
7  workplace." Hishon v. King & Spalding, 467 U.S. 69, 74 (1984).

8    **39.**    The employment contracts between hourly-paid employees and Defendants, arise
9  from, among other things: Defendants' conduct of treating hourly-paid employees as their
10  employees; Defendants' standardized employee orientation; hourly-paid employees' pay-stubs;
11  Defendants' corporate meal break policy; and the distribution of the Handbook to hourly-paid
12  employees.

13    **40.**    By furnishing their labor on behalf of Defendants and/or with their knowledge
14  and/or acquiescence, hourly-paid employees duly performed all the conditions on their part
15  under their employment contracts.

16    **41.**    By failing to properly compensate hourly-paid employees for off-the-clock work,
17  Defendants breached their employment contracts with Plaintiffs.
18
19    **42.**    Plaintiffs suffered damages in the form of lost wages and benefits as a direct
20  result of Defendants' conduct. Defendants are liable to Plaintiffs for the damages incurred as a
21  result of Defendants' failure to pay Plaintiffs for their off-the-clock work.

22                                **THIRD CAUSE OF ACTION**
23                          **(FOR FAILURE TO PROVIDE MEAL BREAKS**
24                   **IN VIOLATION OF LABOR CODE §§ 226.7 AND 512**
25                            **AND IWC WAGE ORDER NO. 4)**

26    **43.**    Plaintiffs re-allege and incorporate by reference each and every allegation set
27  forth in the preceding paragraphs.

28    **44.**    Defendants failed in their affirmative obligation to ensure that all of their

employees, including Plaintiffs, were actually relieved of all duties, in requiring them to remain on-duty at all times including during meal periods and rest breaks and interrupted them during said meal periods and rest breaks with work-related issues. Plaintiffs were suffered and permitted to work through legally required meal breaks. As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B). Defendants shall pay the each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal break was not provided.

**45.** Plaintiffs regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

**46.** As a pattern and practice, Defendants regularly required employees to work through their meal periods without proper compensation. Defendants did staff and schedule employees in such a manner and at such posts that would make it impossible for these employees to take their meal period as required under California law. This policy of requiring employees to work through their legally mandated meal periods is a violation of California law. Indeed, Defendants' own records, i.e., the CSG data, confirms whether an employee used the Nextel device to clock out for a meal period lasting not less than thirty minutes. For those instances where the CSG data shows a meal period lasting less than 30 minutes, Defendants did not compensate Plaintiff with an extra hour of pay.

**47.** Plaintiffs never received "off-duty" breaks because they were required by Defendants to keep their Nextel devices on and answer calls from dispatchers and supervisors throughout the day, including during their lunch breaks.

**48.** Plaintiff is informed and believes and based thereon alleges Defendants failure to provide Plaintiff with the opportunity to take meal breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiffs.

**49.** Plaintiffs are informed and believe and based thereon allege Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium

compensation set out in <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 11(B). Plaintiffs are informed and believe and based thereon allege Defendants' willful failure to provide Plaintiffs the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to <u>Labor Code</u> § 203.

**50.**     As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly maintain records pertaining to when Plaintiffs began and ended each meal period in violation of California <u>Labor Code</u> §1174 and § 4 of the applicable IWC Wage Order(s). This, despite the fact that Defendant knew the CSG data was an accurate record of meal periods taken and the length of each meal period.

**51.**     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B), including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California <u>Labor Code</u> §§ 218.5 or 1194.

**52.**     By requiring that Plaintiffs remain on duty during meal periods, Defendants' wrongful and illegal conduct in failing to provide Plaintiffs with the opportunity to take meal breaks and to provide premium compensation in accordance with <u>Labor Code</u> §§ 226.7 and 512 and IWC Wage Order No. 4 § 11(B) despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California

1 | labor laws and wage orders alleged to have been violated herein.

2 | **FOURTH CAUSE OF ACTION**

3 | **(FOR FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF <u>LABOR CODE</u> §§**
4 | **226.7 AND 512 AND IWC WAGE ORDER NO. 4)**

**53.**     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**54.**     Defendants affirmatively prevented Plaintiff from taking legally mandated rest breaks.  As such, Defendant is responsible for paying premium compensation for missed rest periods pursuant to <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 12(B). Defendants shall pay each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break was not provided.

**55.**     Plaintiff regularly worked in excess of three and half (3 ½) hours per day. Defendants' policies and practices prevented Plaintiff from enjoying their right to a ten (10) minute rest period in the middle of each four (4) hour work period.

**56.**     As a pattern and practice, Defendants regularly required employees to work through rest periods.  Defendants and Defendants' supervisors assigned work, scheduled shifts, and staffed worksites in a manner that did not allow Plaintiff to regularly take rest periods.

**57.**     Plaintiffs are informed and believes and based thereon alleges Defendants failure to provide Plaintiffs with the opportunity to take rest breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiffs, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' rights.

**58.**     Plaintiffs are informed and believes and based thereon alleges Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 12(B). Plaintiffs are informed and believes and based thereon alleges Defendants' willful failure to provide Plaintiffs the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore,

1  Plaintiffs who have separated from employment are entitled to compensation pursuant to Labor

2  Code § 203.

3      **59.**    Such a pattern, practice and uniform administration of corporate policy as

4  described herein is unlawful and creates an entitlement to recovery by the Plaintiffs identified

5  herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to

6  Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B), including interest thereon, penalties,

7  reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code

8  §§ 218.5 or 1194.

9      **60.**    Defendants' wrongful and illegal conduct in failing provide Plaintiffs' with the

10  opportunity to take rest breaks and to provide premium compensation in accordance with Labor

11  Code §§ 226.7 and 512 and IWC Wage Order No. 4§ 12(B) despite the clear legal obligation to

12  do so, unless and until enjoined and restrained by order of this court, will cause great and

13  irreparable injury to Plaintiff in that the Defendants will continue to violate these California

14  laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply

15  with same. This expectation of future violations will require current and future employees to

16  repeatedly and continuously seek legal redress in order to gain compensation to which they are

17  entitled under California law. Plaintiff has no other adequate remedy at law to insure future

18  compliance with the California labor laws and wage orders alleged to have been violated herein.

19

20              **FIFTH CAUSE OF ACTION**

21    **(FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)**

22      **61.**    Plaintiffs re-allege and incorporate by reference each and every allegation set

23  forth in the preceding paragraphs.

24      **62.**    Defendants, and each of them, have engaged and continue to engage in unfair

25  business practices in California by practicing, employing and utilizing the employment practices

26  outlined above, inclusive, to wit, (a) not compensate employees for all hours worked, and (b) to

27  require employees to work through meal and rest periods.

28      **63.**    Defendants' utilization of such unfair business practices constitutes unfair

---

1   competition and provides an unfair advantage over Defendants' competitors.

2       **64.**    Plaintiffs seek, on their own behalves, full restitution of monies, as necessary and

3   according to proof, to restore any and all monies withheld, acquired and/or converted by the

4   Defendants by means of the unfair practices complained of herein.

5       **65.**    Plaintiffs seek, on their own behalves, an injunction to prohibit Defendants from

6   continuing to engage in the unfair business practices complained of herein.

7       **66.**    The restitution includes the equivalent of (a) all unpaid wages for hours worked

8   whether it be straight-time or overtime, and (b) all unpaid premium compensation mandated by

9   Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) and 12(B), including interest thereon.

10      **67.**    The acts complained of herein occurred within the last four years preceding the

11  filing of the *Fayerweather* complaint.

12      **68.**    Plaintiffs are informed and believes and on that basis alleges that at all times

13  herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices,

14  as proscribed by California Business and Professions Code § 17200 et seq., including those set

15  forth herein above thereby depriving Plaintiffs the minimum working condition standards and

16  conditions due to them under the California laws and Industrial Welfare Commission wage

17  orders as specifically described therein.

18

19                          **SIXTH CAUSE OF ACTION**

20                     **(For Violation of LABOR CODE § 226**

21      **69.**    Plaintiffs re-allege and incorporate by reference each and every allegation set

22  forth in the preceding paragraphs.

23      **70.**    Plaintiffs have been harmed as described herein and set forth in the First, Second,

24  Third, and Fourth Causes of Action.

25      **71.**    As a pattern and practice, Defendant failed to furnish Plaintiffs, either

26  semimonthly or at the time of each payment of wages, either as a detachable part of the check or

27  separately, an accurate, itemized statement in writing showing gross wages earned, total hours

28  worked, and the applicable hourly rates and corresponding number of hours worked by Plaintiffs

at each rate.

72.     Defendant willfully and intentionally failed to provide Plaintiffs with accurate, itemized statements, to show on such itemized statements the proper total hours, including overtime hours, worked by Plaintiffs in that it required or suffered them to work and failed to pay wages to them for all hours worked. Defendant willfully and intentionally failed to show accurate gross wages earned, total hours worked by Plaintiffs, and all applicable hourly rates and the corresponding number of hours worked by Plaintiffs at each rate.

73.     Moreover, Defendant failed to maintain the records required by Labor Code section 226(a) for at least three years at the place of employment or at a central location within the State of California. Instead, Defendant routinely destroyed the CSG data that contained the records confirming when Plaintiffs logged in and out of their Nextel devices for meal periods and rest breaks and to record work time.

74.     As such, Plaintiffs are entitled to payment from Defendant of the greater of actual damages or $50 for the initial pay period in which the violation occurred and $100 for each subsequent violation, up to a maximum of $4000, pursuant to Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on their own behalves prays for judgment as follows:

1.    Upon the First and Second Cause of Action, for consequential damages according to proof;

2.    Upon the First and Second Cause of Action, for punitive and exemplary damages according to proof;

3.    Upon the First and Second Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203;

4.    Upon the Third Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) related to meal breaks;

5.  Upon the Third Cause of Action, for waiting time compensation according to proof pursuant to California <u>Labor Code</u> § 203;

6.  Upon the Third Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to meal breaks and record keeping for Defendants' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

7.  Upon the Fourth Cause of Action, for consequential damages according to proof as set forth in California <u>Labor Code</u> § 226.7 and IWC Wage Order No. 4 § 12(B) related to rest breaks;

8.  Upon the Fourth Cause of Action, for waiting time compensation according to proof pursuant to California <u>Labor Code</u> § 203;

9.  Upon the Fourth Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to rest breaks; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

10. Upon the Fifth Cause of Action, for restitution to Plaintiff of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California <u>Business and Professions Code</u> § 17200 et seq.;

11. Upon the Fifth Cause of Action, for an injunction to prohibit Defendants to engage in the unfair business practices complained of herein;

12. Upon the Fifth Cause of Action, for an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

13. Upon the Sixth Cause of Action, for actual damages or statutory penalties according to proof as set forth in California <u>Labor Code</u> § 226 and IWC Wage Order No. 4 § 7(B) related to record keeping;

14. Upon the Sixth Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

15. For pre-judgment interest as allowed by California Labor Code §§ 218.5 or 1194 and California Civil Code § 3287;

16. For reasonable attorneys' fees, expenses and costs as provided by California Labor Code §§ 218.5 or 1194 and Code of Civil Procedure § 1021.5; and,

17. For such other and further relief the court may deem just and proper.

**Dated: January 30, 2015**

**RIGHETTI GLUGOSKI, P.C.**

By: _____

**John Glugoski**
**Attorneys for Plaintiffs**

# EXHIBIT C

SUM-100

# SECOND AMENDED **SUMMONS**
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST CORPORATION, a Pennsylvania Corporation; COMCAST OF CONTRA COSTA, INC., a Washington Corporation; and DOES 1 through 50, Inclusive, Defendants.

ENDORSED

2015 MAY 15 A 10: 24

Sharon Ulleselt

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GREGORY PETERS, TAN DUY LE, STEVEN KREMESEC JR., DAVID O'SHEA, BENJAMIN CABANAYAN, RANDY ARELLANO, BRIAN ALVES, RICHARD CERVANTES, SCOTT RADER, JON RUBY, ALEXANDER VACCEREZZA, AARON ARRINGTON, SEAN PATE, ROQUE CENTENO, CHRISTIAN OLAGUE, BRANDON GUSTERS, GILBERT BACIO, ADRIAN CORONA, JOHN AMATO, JR., ELIAS REYES, JOSEPH WILLIAMS, CHIEU VO, HANS BOGUSCH, MEAGAN MEDINA, CARLOS ESTRADA, STEVE BRIONES, JAMES SARGENT, SAMUEL SWEELEY, KEVIN KIRK, WARREN CASIAS, ANDREW GARSKE, JOSEPH ORTIZ, JOSE GONZALEZ, JR. and FRANK URA, Plaintiffs

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Santa Clara County Superior Court<br>Main Courthouse, 191 N. First Street, San Jose, CA 95113<br>Downtown Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>114CV272430 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Glugoski, Righetti Glugoski, P.C., 456 Montgomery St. #1400, San Francisco, CA 94104

| DATE: MAY 15 2015<br>*(Fecha)* | DAVID H. YAMASAKI<br>Chief Executive Officer, Clerk | Clerk, by<br>*(Secretario)* | Sharon Ulleselt | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* COMCAST CORPORATION et al.

   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev July 1, 2009] | SECOND AMENDED **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>www.accesslaw.com |
|---|---|---|

1  Matthew Righetti, SBN 121012
2  John Glugoski, SBN 191551
   **RIGHETTI GLUGOSKI, P.C.**
3  456 Montgomery Street, Suite 1400
   San Francisco, CA  94104
4  Telephone:  (415) 983-0900
   Facsimile:  (415) 397-9005
5
6  Attorneys for Plaintiffs

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

               **FOR THE COUNTY OF SANTA CLARA**
9

10  GREGORY PETERS, TAN DUY LE, STEVEN        **Case No.:  114CV272430**
    KREMESEC, JR., DAVID O'SHEA,
11  BENJAMIN CABANAYAN, RANDY                 **SECOND AMENDED COMPLAINT &**
    ARELLANO, BRIAN ALVES, RICHARD           **ENFORCEMENT UNDER THE**
12  CERVANTES, SCOTT RADER, JON RUBY,        **PRIVATE ATTORNEYS GENERAL**
    ALEXANDER VACCEREZZA, AARON              **ACT:**
13  ARRINGTON, SEAN PATE, ROQUE
14  CENTENO, CHRISTIAN OLAGUE,               **(1) FAILURE TO PAY WAGES**
    BRANDON GUSTERS, GILBERT BACIO,
15  ADRIAN CORONA, JOHN AMATO, JR.,          **(2) BREACH OF IMPLIED CONTRACT**
    ELIAS REYES, JOSEPH WILLIAMS, CHIEU
16  VO,  HANS BOGUSCH, MEAGAN MEDINA,        **(3) DENIAL OF MEAL PERIODS**
    CARLOS ESTRADA, STEVE BRIONES,
17  JAMES SARGENT, SAMUEL SWEELEY,           **(4) DENIAL OF REST PERIODS**
    KEVIN KIRK, WARREN CASIAS, ANDREW
18  GARSKE, JOSEPH ORTIZ, JOSE               **(5) UNFAIR BUSINESS PRACTICES**
    GONZALEZ, JR. and FRANK LIRA             **(Violation of California Business &**
19                                           **Professions Code §17200 et seq.)**
20          Plaintiffs,
                                             **(6) FAILURE TO PROVIDE**
21                                           **ACCURATE, ITEMIZED WAGE**
       vs.                                   **STATEMENTS**
22
23
    COMCAST CORPORATION, a Pennsylvania
24  Corporation; COMCAST OF CONTRA
    COSTA, INC., a Washington Corporation; and
25  DOES 1 through 50, Inclusive,
26
            Defendants.
27

28

                                        -1-
                            SECOND AMENDED COMPLAINT

Plaintiffs Gregory Peters, Tan Duy Le, Steven Kremesec, Jr., David O'Shea, Benjamin Cabanayan, Randy Arellano, Brian Alves, Richard Cervantes, Scott Rader, Jon Ruby, Alexander Vaccerezza, Aaron Arrington, Sean Pate, Roque Centeno, Christian Olague, Brandon Gusters, Gilbert Bacio, Adrian Corona, John Amato, Jr., Elias Reyes, Joseph Williams, Chieu Vo, Hans Bogusch, Meagan Medina, Carlos Estrada, Steve Briones, James Sargent, Samuel Sweeley, Kevin Kirk, Warren Casias, Andrew Garske, Joseph Ortiz, Jose Gonzalez, Jr. and Frank Lira (hereinafter referred to as "Plaintiffs"), hereby submits this Complaint against Defendants COMCAST CORPORATION, COMCAST OF CONTRA COSTA, INC ("COMCAST"), and Does 1-50 (hereinafter collectively referred to as "Defendants") on behalf of themselves, as follows:

## INTRODUCTION

**1.** This action is within the Court's jurisdiction under California Labor Code §§ 201-204, 226.7, 1194, 1198, and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 4.

**2.** This complaint challenges Defendants' systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders against employees of Defendants.

**3.** Plaintiffs are informed and believe and based thereon allege Defendants, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal and rest periods.

**4.** Plaintiffs are informed and believe and based thereon allege Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due, (b) the opportunity to take meal and rest periods, and (c) accurate, itemized wage statements.

**5.** The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

## JURISDICTION AND VENUE

**6.** The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226.7, 1194, 1198 and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12 claims alleged herein.

**7.** Venue is proper because the alleged wrongs occurred in Santa Clara County. Defendants are located within California and Santa Clara County. Plaintiffs worked for Defendants in Santa Clara County. The events that are the subject of this action took place in Santa Clara County.

## PARTIES

**8.** Plaintiffs have been employed or are currently employed as service technicians with Defendants within four years preceding the filing date of the initial class action Complaint entitled Fayerweather v. Comcast Case No. MSC-08-01470. The filing of the Fayerweather class action complaint on May 27, 2008 tolled the statute of limitations for the named Plaintiffs from four years from the filing of the Fayerweather class action complaint (i.e., May 27, 2004) based upon the facts, representations and reasonable reliance by Plaintiffs as set forth below.

Plaintiffs are and were victims of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed them by California Labor Code §§ 204, 226.7, 1194 1198, and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12. Plaintiffs all worked in Santa Clara County, are and/or were employed by Defendants at all times relevant to this complaint in Santa Clara. Plaintiffs all worked within 4 years of the filing of the

1   Fayerweather v. Comcast case. Plaintiff Gabriel Fayerweather filed his action on May 27, 2008.

2   His case is pending before the Complex Litigation Department in Contra Costa County. Judge

3   Goode issued an order certifying that case as a class action on April 12, 2010. Notice was sent to

4   the Class telling them that they could not bring a case of their own if they did not opt out of the

5   class. Plaintiffs were members of the class certified by the court as they did not opt out. The

6   court's April 12, 2010 order certified claims for causes of action based on failure to provide meal

7   breaks, failure to authorize and permit rest breaks, and failure to pay wages for all hours worked

8   (off-the-clock). On November 17, 2011, at a status conference, the trial court issued an Order to

9   Show Cause why the class should not be decertified following the Supreme Court's decision in

10  *Brinker*. Following extensive briefing and oral argument, the trial court issued an order

11  decertifying the class on December 15, 2012. On February 8 2013, Mr. Fayerweather filed an

12  appeal challenging the legal validity of the trial court's decertification order on the grounds that

13  the decision is rooted in both legal error and an abuse of discretion.

14       Fayerweather filed a timely appeal of the decertification order. The court of appeal issued

15  a decision on Fayerweather's appeal on August 28, 2014. This matter was filed on October 27,

16  2014. In addition, Fayerweather filed a Petition for Review with the California Supreme Court

17  on October 7, 2014. It was not until November 25, 2014, that the Supreme Court denied the

18  petition.

19       At approximately the time the Fayerweather case was certified by the Court, Plaintiffs

20  were provided with a "court authorized" notice informing them that the case had been certified

21  as a class action and, amongst other things, that if they did not opt-out of the class then they

22  would be precluded from pursuing their own action. The notice stated as follows:

23      "By doing nothing, you remain in the Class and keep the possibility of getting
        money or benefits from this lawsuit. If you stay in and the Plaintiff obtains money
24      or benefits, either as a result of the trial or a settlement, you will be notified about
        how to apply for a share (or how to ask to be excluded from any settlement). Keep
25      in mind that if you do nothing, you will not be able to sue, or continue to sue,
        Comcast - as part of any other lawsuit - about the meal period, rest period, or
26      wage claims that are the subject of this lawsuit. You will also be legally bound by
        all of the Orders the Court issues and judgments the Court makes in this class
27      action regarding the meal period, rest period, and wage claims."

28

---

Plaintiffs elected not to opt-out of the class action.   When the Fayerweather court decertified the class Plaintiffs were never notified that the case had been *decertified*. The Plaintiffs had a reasonable belief that their claims were being protected and prosecuted in the Fayerweather action and were never notified by the Court to the contrary. Further, Plaintiffs understood according to the Order of the Court that if they had brought a case while the class certification issue was unresolved on appeal that they would be in contempt of the Court's Order, instructing them that they could not file another case. Thus, Plaintiffs are entitled to equitable tolling of the statute of limitations from May 27, 2004 up to the time this case was filed.

9.   Plaintiffs are informed and believe and based thereon allege Defendant COMCAST CORPORATION was and is a California Corporation doing business in the State of California with its principal place of business in Alameda County

10.   Plaintiffs are informed and believe and based thereon allege Defendants were a California Corporation doing business in the State of California with its principal place of business in Alameda County.

11.   Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned Defendants and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.   Defendants own and operate an industry, business and establishment throughout California and is headquartered in Alameda County, for the purpose of providing cable, internet, telephone and other communications services.   As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-204, 226.7, 1198, and 512, California Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 4 §§ 11 and 12.

12.   Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray leave to amend this complaint when the true names and capacities are known.   Plaintiffs are informed and believe

and based thereon allege that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiffs to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14. Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

15. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

17. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

### FACTUAL ALLEGATIONS RELEVANT TO CAUSES OF ACTION

18. Defendants are a cable services and communications company.

19.    Plaintiffs Gregory Peters, Tan Duy Le, Steven Kremesec, Jr., David O'Shea, Benjamin Cabanayan, Randy Arellano, Brian Alves, Richard Cervantes, Scott Rader, Jon Ruby, Alexander Vaccerezza, Aaron Arrington, Sean Pate, Roque Centeno, Christian Olague, Brandon Gusters, Gilbert Bacio, Adrian Corona, John Amato, Jr., Elias Reyes, Joseph Williams, Chieu Vo, Hans Bogusch, Meagan Medina, Carlos Estrada, Steve Briones, James Sargent, Samuel Sweeley, Kevin Kirk, Warren Casias, Andrew Garske, Joseph Ortiz, Jose Gonzalez, Jr. and Frank Lira have all been employed by Defendants within the 4 years of the filing of the original Fayerweather v. Comcast Complaint. Plaintiffs report to Defendants' facilities for work at or around their regularly scheduled start times in the morning.  Plaintiffs regularly scheduled start times are invariably on the hour, half-hour or quarter-hour.  Plaintiffs then travel from job site to job site in a company vehicle.

20.    Plaintiffs are/were required to carry portable Nextel devices which they were expected and instructed to use to record start and end times for work activities performed throughout the day such as repair work, installations, training, meetings, warehouse visits etc…. as well as start and end time for lunches, and start and end time for breaks.

21.    In addition, Plaintiffs were required to remain on-duty during the entire work day with their Nextel communication devices on at all times so that Defendant could communicate with the Plaintiffs at all times of the work day. Defendant had a uniform policy and practice of contacting Plaintiffs through their Nextel devices at all times of the day including interrupting Plaintiffs during what would otherwise be meal periods and rest breaks. Defendant's employees including dispatchers and supervisors regularly used the Nextel devices throughout the work day to communicate with Plaintiffs. Since Plaintiffs were to remain "on-duty" at all times, Plaintiffs were expected and required to immediately respond and/or answer all communication from Defendant at all times of the day.  The purpose of these communications was to advise Plaintiffs about their work activities, including rerouting and assignment of jobs as well as to obtain job progress information from Plaintiffs. Job progress information was essential so that Defendant could assess whether Plaintiffs could arrive on time to their next job assignment or if another

technician would need to be sent.  Further, the job progress information was necessary so Defendant could notify customers throughout the day whose job order was next in line as to when the customers could expect Plaintiffs to arrive to complete work for the respective customers.

22.     Defendants instruct/instructed Plaintiffs to accurately record their "job status" using the portable Nextel device, throughout the day including when they attempted to take lunch or go on break but at the same time record on separate time sheets that would be turned in before the work day commenced and/or was finished that they received an hour lunch which they did not receive.

23.     Defendants instruct/instructed Plaintiffs to accurately record all start and end time of jobs, meal periods and breaks so that Defendant would know who was available to be sent to another location and who was still working on a job and therefore could not be sent to another location at that time.

24.     Due to the workload required of Plaintiffs and the uniform policy of being "on-duty" at all times, Plaintiffs work/worked for periods of more than five (5) hours without an uninterrupted meal period of thirty (30) minutes.

25.     Due to the workload required of Plaintiffs and the uniform policy of being "on-duty" at all times, Plaintiffs work/worked for periods of more than four (4) hours without a rest period of ten (10) minutes.

26.     Due to the workload required of Plaintiffs, Plaintiffs were not paid for all hours worked.

## FIRST CAUSE OF ACTION

### (FAILURE TO COMPENSATE FOR ALL HOURS WORKED PURSUANT TO IWC WAGE ORDER NO. 4 AND LABOR CODE § 1194)

27.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 as though fully set for herein.

28.     This cause of action is brought pursuant to Labor Code §1194, et seq., which

provides that employees are entitled to wages and compensation for work performed, and provides a private right of action for failure to pay legal compensation for work performed, whether it be straight-time or overtime.

29.    At all times relevant herein, Defendants were required to compensate its non-exempt, hourly employees for all hours worked pursuant to in violation of California Labor Code §1194 and IWC Wage Order No. 4.

30.    As a pattern and practice, Defendants relied on punch data/time sheets in many instances filed out before the work day commenced to compensate Plaintiffs for hours worked rather than relying on the actual records that reflect hours worked and meal periods, i.e. the CSG records that were kept in real time. As a result, Plaintiffs were not compensated for all hours they were subject to the control of Defendants; including all time they were suffered or permitted to work.

31.    Plaintiffs are informed and believe and based thereon allege Defendants uniformly administered a corporate policy concerning staffing levels, duties and responsibilities which required Plaintiffs to work without appropriate pay.  This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels.  The inadequate staffing levels were enforced and ensured through the uniform and mandated corporate policy of a minimal labor budget.  This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by required Plaintiffs to work without proper compensation because they were unable to take the meal periods which were automatically deducted from their time records.

32.    As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly maintain records pertaining to when Plaintiffs began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay in violation of California Labor Code §1174.

33.    The conduct of Defendants and their agents and employees as described herein

1   was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and

2   was done by managerial employees of Defendants.  Plaintiffs are thereby entitled to an award of

3   punitive damages against Defendants, in an amount appropriate to punish and make an example

4   of Defendants, and in an amount to conform to proof.

5      **34.**   Plaintiffs are informed and believe and based thereon allege Defendants willfully

6   failed to pay employees proper compensation for all hours worked.  Plaintiffs are informed and

7   believe and based thereon allege Defendants' willful failure to provide wages due and owing

8   them upon separation from employment results in a continued payment of wages up to thirty (30)

9   days from the time the wages were due.   Therefore, Plaintiffs who have separated from

10  employment are entitled to compensation pursuant to Labor Code § 203.

11     **35.**   Such a pattern, practice and uniform administration of corporate policy regarding

12  illegal employee compensation as described herein is unlawful and creates an entitlement to

13  recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of straight time

14  compensation and overtime premiums owing, including interest thereon, penalties, reasonable

15  attorneys' fees, and costs of suit according to California Labor Code §1194, et seq.

16                    **SECOND CAUSE OF ACTION**

17  **(FOR BREACH OF IMPLIED CONTRACT FORM BY CONDUCT:  WORKING OFF-**

18                          **THE CLOCK)**

19

20     **36.**   Plaintiffs re-allege and incorporate by reference each and every allegation set

21  forth in the preceding paragraphs.

22     **37.**   Plaintiffs plead this cause of action as an alternative theory of liability to their

23  First Cause of Action.

24     **38.**   As noted by the United States Supreme Court, ""[A]n informal contract of

25  employment may arise by the simple act of handing a job applicant a shovel and providing a

26  workplace." Hishon v. King & Spalding, 467 U.S. 69, 74 (1984).·

27     **39.**   The employment contracts between hourly-paid employees and Defendants, arise

28  from, among other things: Defendants' conduct of treating hourly-paid employees as their

---

employees; Defendants' standardized employee orientation; hourly-paid employees' pay-stubs; Defendants' corporate meal break policy; and the distribution of the Handbook to hourly-paid employees.

40.    By furnishing their labor on behalf of Defendants and/or with their knowledge and/or acquiescence, hourly-paid employees duly performed all the conditions on their part under their employment contracts.

41.    By failing to properly compensate hourly-paid employees for off-the-clock work, Defendants breached their employment contracts with Plaintiffs.

42.    Plaintiffs suffered damages in the form of lost wages and benefits as a direct result of Defendants' conduct. Defendants are liable to Plaintiffs for the damages incurred as a result of Defendants' failure to pay Plaintiffs for their off-the-clock work.

## THIRD CAUSE OF ACTION

### (FOR FAILURE TO PROVIDE MEAL BREAKS

### IN VIOLATION OF LABOR CODE §§ 226.7 AND 512

### AND IWC WAGE ORDER NO. 4)

43.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

44.    Defendants failed in their affirmative obligation to ensure that all of their employees, including Plaintiffs, were actually relieved of all duties, in requiring them to remain on-duty at all times including during meal periods and rest breaks and interrupted them during said meal periods and rest breaks with work-related issues. Plaintiffs were suffered and permitted to work through legally required meal breaks.  As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B). Defendants shall pay the each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal break was not provided.

45.    Plaintiffs regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

46.     As a pattern and practice, Defendants regularly required employees to work through their meal periods without proper compensation.  Defendants did staff and schedule employees in such a manner and at such posts that would make it impossible for these employees to take their meal period as required under California law.  This policy of requiring employees to work through their legally mandated meal periods is a violation of California law.  Indeed, Defendants' own records, i.e., the CSG data, confirms whether an employee used the Nextel device to clock out for a meal period lasting not less than thirty minutes.  For those instances where the CSG data shows a meal period lasting less than 30 minutes, Defendants did not compensate Plaintiff with an extra hour of pay.

47.     Plaintiffs never received "off-duty" breaks because they were required by Defendants to keep their Nextel devices on and answer calls from dispatchers and supervisors throughout the day, including during their lunch breaks.

48.     Plaintiff is informed and believes and based thereon alleges Defendants failure to provide Plaintiff  with the opportunity to take meal breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiffs.

49.     Plaintiffs are informed and believe and based thereon allege Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B).  Plaintiffs are informed and believe and based thereon allege Defendants' willful failure to provide Plaintiffs the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

50.     As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiffs are informed and believe and based thereon allege Defendants did not properly maintain records pertaining to when Plaintiffs began and ended each meal period in violation of California Labor Code §1174 and § 4 of the applicable IWC Wage Order(s). This, despite the

fact that Defendant knew the CSG data was an accurate record of meal periods taken and the length of each meal period.

51.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B), including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5 or 1194.

52.     By requiring that Plaintiffs remain on duty during meal periods, Defendants' wrongful and illegal conduct in failing to provide Plaintiffs with the opportunity to take meal breaks and to provide premium compensation in accordance with Labor Code §§ 226.7 and 512 and IWC Wage Order No. 4 § 11(B) despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiffs in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

<u>**FOURTH CAUSE OF ACTION**</u>

**(FOR FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF <u>LABOR CODE</u> §§ 226.7 AND 512 AND IWC WAGE ORDER NO. 4)**

53.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

54.     Defendants affirmatively prevented Plaintiff from taking legally mandated rest breaks.  As such, Defendant is responsible for paying premium compensation for missed rest periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B). Defendants shall

pay each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break was not provided.

55.    Plaintiff regularly worked in excess of three and half (3 ½) hours per day. Defendants' policies and practices prevented Plaintiff from enjoying their right to a ten (10) minute rest period in the middle of each four (4) hour work period.

56.    As a pattern and practice, Defendants regularly required employees to work through rest periods.  Defendants and Defendants' supervisors assigned work, scheduled shifts, and staffed worksites in a manner that did not allow Plaintiff to regularly take rest periods.

57.    Plaintiffs are informed and believes and based thereon alleges Defendants failure to provide Plaintiffs with the opportunity to take rest breaks was willful and done with the wrongful and deliberate intention of injuring Plaintiffs, from improper motives amounting to malice, and in conscious disregard of Plaintiffs' rights.

58.    Plaintiffs are informed and believes and based thereon alleges Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B). Plaintiffs are informed and believes and based thereon alleges Defendants' willful failure to provide Plaintiffs the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiffs who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

59.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B), including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5 or 1194.

60.    Defendants' wrongful and illegal conduct in failing provide Plaintiffs' with the

1   opportunity to take rest breaks and to provide premium compensation in accordance with Labor

2   Code §§ 226.7 and 512 and IWC Wage Order No. 4§ 12(B) despite the clear legal obligation to

3   do so, unless and until enjoined and restrained by order of this court, will cause great and

4   irreparable injury to Plaintiff in that the Defendants will continue to violate these California

5   laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply

6   with same.  This expectation of future violations will require current and future employees to

7   repeatedly and continuously seek legal redress in order to gain compensation to which they are

8   entitled under California law.  Plaintiff has no other adequate remedy at law to insure future

9   compliance with the California labor laws and wage orders alleged to have been violated herein.

## FIFTH CAUSE OF ACTION

### (FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)

**61.**   Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**62.**   Defendants, and each of them, have engaged and continue to engage in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, (a) not compensate employees for all hours worked, and (b) to require employees to work through meal and rest periods.

**63.**   Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

**64.**   Plaintiffs seek, on their own behalves, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

**65.**   Plaintiffs seek, on their own behalves, an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein.

**66.**   The restitution includes the equivalent of (a) all unpaid wages for hours worked whether it be straight-time or overtime, and (b) all unpaid premium compensation mandated by Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) and 12(B), including interest thereon.

67.     The acts complained of herein occurred within the last four years preceding the filing of the *Fayerweather* complaint.

68.     Plaintiffs are informed and believes and on that basis alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiffs the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## SIXTH CAUSE OF ACTION

### (For Violation of LABOR CODE § 226

69.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

70.     Plaintiffs have been harmed as described herein and set forth in the First, Second, Third, and Fourth Causes of Action.

71.     As a pattern and practice, Defendant failed to furnish Plaintiffs, either semimonthly or at the time of each payment of wages, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing gross wages earned, total hours worked, and the applicable hourly rates and corresponding number of hours worked by Plaintiffs at each rate.

72.     Defendant willfully and intentionally failed to provide Plaintiffs with accurate, itemized statements, to show on such itemized statements the proper total hours, including overtime hours, worked by Plaintiffs in that it required or suffered them to work and failed to pay wages to them for all hours worked.  Defendant willfully and intentionally failed to show accurate gross wages earned, total hours worked by Plaintiffs, and all applicable hourly rates and the corresponding number of hours worked by Plaintiffs at each rate.

73.     Moreover, Defendant failed to maintain the records required by Labor Code section 226(a) for at least three years at the place of employment or at a central location within

the State of California. Instead, Defendant routinely destroyed the CSG data that contained the records confirming when Plaintiffs logged in and out of their Nextel devices for meal periods and rest breaks and to record work time.

74.     As such, Plaintiffs are entitled to payment from Defendant of the greater of actual damages or $50 for the initial pay period in which the violation occurred and $100 for each subsequent violation, up to a maximum of $4000, pursuant to Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on their own behalves prays for judgment as follows:

1.   Upon the First and Second Cause of Action, for consequential damages according to proof;

2.   Upon the First and Second Cause of Action, for punitive and exemplary damages according to proof;

3.   Upon the First and Second Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203;

4.   Upon the Third Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 226.7 and IWC Wage Order No. 4 § 11(B) related to meal breaks;

5.   Upon the Third Cause of Action, for waiting time compensation according to proof pursuant to California Labor Code § 203;

6.   Upon the Third Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to meal breaks and record keeping for Defendants' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

7.   Upon the Fourth Cause of Action, for consequential damages according to proof as set forth in California Labor Code § 226.7 and IWC Wage Order No. 4 § 12(B) related to

rest breaks;

8.  Upon the Fourth Cause of Action, for waiting time compensation according to proof pursuant to California Labor Code § 203;

9.  Upon the Fourth Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to rest breaks; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

10. Upon the Fifth Cause of Action, for restitution to Plaintiff of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code § 17200 et seq.;

11. Upon the Fifth Cause of Action, for an injunction to prohibit Defendants to engage in the unfair business practices complained of herein;

12. Upon the Fifth Cause of Action, for an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

13. Upon the Sixth Cause of Action, for actual damages or statutory penalties according to proof as set forth in California Labor Code § 226 and IWC Wage Order No. 4 § 7(B) related to record keeping;

14. Upon the Sixth Cause of Action, that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable California Industrial Welfare Commission wage orders related to record keeping for Defendant's' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

15. For pre-judgment interest as allowed by California Labor Code §§ 218.5 or 1194 and California Civil Code § 3287;

16. For reasonable attorneys' fees, expenses and costs as provided by California Labor Code §§ 218.5 or 1194 and Code of Civil Procedure § 1021.5; and,

17. For such other and further relief the court may deem just and proper.

Dated: May 14, 2015

RIGHETTI GLUGOSKI, P.C.

By: _____

John Glugoski
Attorneys for Plaintiffs

1   MATTHEW RIGHETTI, ESQ.      {121012}
2   JOHN GLUGOSKI, ESQ.         {191551}
    MICHAEL RIGHETTI, ESQ       {258541}
3   RIGHETTI · GLUGOSKI, P.C.
    456 Montgomery Street, Suite 1400
4   San Francisco, CA  94104
5   Telephone: (415) 983-0900
    Facsimile: (415) 397-9005
6
7   Attorneys for Plaintiff

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SANTA CLARA

10

11  GREGORY PETERS, TAN DUY LE, STEVEN          Case No.:  114CV272430
12  KREMESEC, JR., DAVID O'SHEA,
    BENJAMIN CABANAYAN, RANDY
13  ARELLANO, BRIAN ALVES, RICHARD              PROOF OF SERVICE
    CERVANTES, SCOTT RADER, JON RUBY,
14  ALEXANDER VACCEREZZA, AARON
15  ARRINGTON, SEAN PATE, ROQUE
    CENTENO, CHRISTIAN OLAGUE,
16  BRANDON GUSTERS, GILBERT BACIO,
17  ADRIAN CORONA, JOHN AMATO, JR.,
    ELIAS REYES, JOSEPH WILLIAMS, CHIEU
18  VO,  HANS BOGUSCH, MEAGAN MEDINA,
    CARLOS ESTRADA, STEVE BRIONES,
19  JAMES SARGENT, SAMUEL SWEELEY,
20  KEVIN KIRK, WARREN CASIAS, ANDREW
    GARSKE, JOSEPH ORTIZ, JOSE
21  GONZALEZ, JR. and FRANK LIRA,

22            Plaintiffs,

23
          vs.
24
25  COMCAST CORPORATION, a Pennsylvania
    Corporation;   COMCAST    OF   CONTRA
26  COSTA, INC., a Washington Corporation; and
    DOES 1 through 50, Inclusive,
27
28            Defendants.

                                PROOF OF SERVICE

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA

3

4

        I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Glugoski, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

5

6

        On Friday, May 15, 2015 I served the foregoing document described as:

7

8

- **SECOND AMENDED COMPLAINT**
- **SECOND AMENDED SUMMONS**

9

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

10

11

**Troy A. Valdez**
**VALDEZ TODD & DOYLE LLP**
1901 Harrison Street, Suite 1450
Oakland, CA 94612

12

13

14

**Fred W. Alvarez**
**Allison B. Moser**
**JONES DAY**
1755 Embarcadero Road
Palo Alto, CA 94303

15

16

17

18

( X )    **VIA U.S. MAIL:**

19
        I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelopes would be deposited with the U.S. postal service on Friday, May 15, 2015 with postage thereon fully prepaid, at San Francisco, California.

20

21

22
        I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Friday, May 15, 2015, at San Francisco, California.

23

24

25

Melissa Huston

26

27

28

---