UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY PETERS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION, et al.,<br><br>    Defendants. | Case No.  15-cv-04869-RMW<br><br>**ORDER DENYING MOTION TO CONFIRM OCTOBER 23, 2015 SANTA CLARA SUPERIOR COURT ORDER NULL AND VOID**<br><br>Re: Dkt. No. 16 |

On October 22, 2015, defendants filed a notice of removal in this court. Dkt. No. 1. On October 23, 2015, defendants filed a notice of the removal in Superior Court. *See* Dkt. No. 16 at 2; Dkt. No. 20 at 2. On the same day, the Superior Court ruled on two motions brought by defendants. Plaintiffs now move for an order confirming that the Superior Court's October 23, 2015 order is null and void. Dkt. No. 16. Defendants oppose the motion. Dkt No. 20. Plainitff's motion is denied.

The parties agree that the Superior Court's order and the notice of removal were filed in state court on the same date. The court finds that because notice and order were filed at the same time, the state court had not yet received notice of the removal at the time the judge ruled on the motion. Therefore, the state court had not yet been divested of jurisdiction and concurrent

1

15-cv-04869-RMW
ORDER DENYING MOTION TO CONFIRM OCTOBER 23, 2015 SANTA CLARA SUPERIOR COURT ORDER NULL AND VOID
FC

jurisdiction existed. *See Santos v. Reverse Mortgage Sols., Inc.*, No. 12-3296-SC, 2013 WL 3814988, at *2 (N.D. Cal. July 22, 2013) ("Pursuant to § 1446(d), the state court retained concurrent jurisdiction over the action until Defendants (1) filed the notice of removal in federal court, (2) gave notice to Plaintiff, and (3) gave notice to the state court."); *Gutierrez v. Empire Mortgage Corp.*, No. CVF10-0079 AWI GSA, 2010 WL 1644714, at *3 (E.D. Cal. Apr. 21, 2010) (state court "shares concurrent jurisdiction over the action that was removed" until notified of the removal).[1] This ruling serves the interests of judicial economy. Duplication of effort by federal and state court is avoided, and this court recognizes that the Superior Court was in the best position to determine whether sanctions were appropriate based on conduct that occurred before the Superior Court.

The Superior Court's October 23, 2015 order remains in effect.

**IT IS SO ORDERED.**

Dated: December 21, 2015

_____
Ronald M. Whyte
United States District Judge

---

[1] Plaintiff asserts that since the notice of removal was listed on the state court's online docket before the judge's order, the notice divested the state court of jurisdiction thus rendering the state court's order a nullity. However, there is no time stamp on the entries, they are next to each other on the docket, and the only date shown is the same for both. Therefore, there is no basis for assuming the documents were filed and entered on the docket other than at the same time.